**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ALEXANDER LANZ,<br>ALYSSA GREENE,<br>SHANAYA DESSIN, and<br>VINCENT LEIJA, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LHNH LA VISTA, LLC,<br>LHNH LA VISTA TIC II LLC,<br>LHNH LA VISTA TIC III LLC,<br>SILVERPOINT MANAGEMENT, LLC, and AVENIUM GROUP, LLC,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case No. 1:23-cv-05344-LMM |

**DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

COME NOW LHNH LAVISTA LLC, LHNH LA VISTA TIC II LLC, LHNH LA VISTA TIC III LLC, SILVERPOINT MANAGEMENT, LLC, and AVENIUM GROUP, LLC, Defendants in the above-styled civil action, and, pursuant to Federal Rule of Civil Procedure 15, hereby file their Amended Answer

and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint, showing this Court as follows:

**FIRST DEFENSE**

Plaintiffs' claims are barred by the affirmative defenses of accord and satisfaction, payment, release, and waiver.

**SECOND DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiffs' claims are barred by the doctrines of the assumption of the risk, comparative negligence, avoidable consequences, and/or the last clear chance doctrine.

**FOURTH DEFENSE**

Defendants breached no duties owed to Plaintiffs in connection with the fire at issue.

**FIFTH DEFENSE**

Defendants violated no state, county, city, or municipal code or ordinance in connection with the fire at issue.

**SIXTH DEFENSE**

Plaintiffs' alleged damages are not the proximate result of any act(s), omission(s), or breach(es) by Defendants.

**SEVENTH DEFENSE**

Plaintiffs' alleged damages were proximately caused by their own acts or omissions and/or the acts or omissions of a person(s)/entity(ies) other than Defendants.

**EIGHTH DEFENSE**

Recovery by Plaintiffs may be barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

**NINTH DEFENSE**

Defendants asserts as a defense, credit, or set-off against the damages claimed by Plaintiffs, the settlement (and any monies paid pursuant thereto) between Plaintiffs and any other person or entity, and any monies paid to or on behalf of Plaintiffs for the alleged damages by any source.

**TENTH DEFENSE**

Plaintiffs' claims for attorneys' fees and costs of suit are barred as Defendants have, at all times relevant to this action, acted in good faith, not been stubbornly litigious, and not caused Plaintiffs unnecessary trouble or expenses.

**ELEVENTH DEFENSE**

Plaintiffs' claims for attorneys' fees and costs of suit are barred because the defenses asserted by Defendants do not lack substantial justification.

**TWELFTH DEFENSE**

Plaintiffs' claim for punitive damages is barred as no act or omission attributable to Defendants constituted willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

**THIRTEENTH DEFENSE**

Plaintiffs' claim for punitive damages is barred as an award of punitive damages in this lawsuit would violate the Excessive Fines Clause of the VIII Amendment to the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia.

**FOURTEENTH DEFENSE**

Plaintiffs' claim for punitive damages is barred as an award of punitive damages in this lawsuit would violate Defendants' right to due process as provided in the V and XIV Amendments to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

**FIFTEENTH DEFENSE**

Defendants raise all other affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure that may apply in this case.

## SIXTEENTH DEFENSE

Responding to the individually numbered paragraphs of Plaintiffs' Amended Class Action Complaint [Doc. 40] ("Amended Complaint"), Defendants respond as follows:

ALLEGED PARTIES

1.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 1 of the Amended Complaint.

2.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 2 of the Amended Complaint.

3.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 3 of the Amended Complaint.

4.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 4 of the Amended Complaint.

5.

Defendants deny that Plaintiffs and the putative class are similarly situated individuals. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 5 of the Amended Complaint.

6.

Defendants admit the allegations contained in Paragraph No. 6 of the Amended Complaint.

7.

Defendants admit the allegations contained in Paragraph No. 7 of the Amended Complaint.

8.

Defendants admit the allegations contained in Paragraph No. 8 of the Amended Complaint.

9.

Defendants deny that Silverpoint Management, LLC's principal place of business is located in Lakewood, New Jersey. Defendants admit the remaining allegations contained in Paragraph No. 9 of the Amended Complaint.

10.

Defendants deny that Yakov Stein is the registered agent for Avenium Group, LLC. Defendants admit the remaining allegations contained in Paragraph No. 10 of the Amended Complaint.

ALLEGED JURISDICTION AND VENUE

11.

Defendants admit the allegations contained in Paragraph No. 11 of the Amended Complaint.

12.

Defendants admit the allegations contained in Paragraph No. 12 of the Amended Complaint.

13.

Defendants admit the allegations contained in Paragraph No. 13 of the Amended Complaint.

## FACTUAL ALLEGATIONS

14.

Defendants admit the allegations contained in Paragraph No. 14 of the Amended Complaint.

15.

Defendants admit the allegations contained in Paragraph No. 15 of the Amended Complaint.

16.

Defendants deny the allegations contained in Paragraph No. 16 of the Amended Complaint.

17.

Defendants deny the allegations contained in Paragraph No. 17 of the Amended Complaint (and footnotes 1 and 2) on the grounds that the phrase "associated with" is vague, ambiguous, and undefined.

18.

Defendants deny the allegations contained in Paragraph No. 18 of the Amended Complaint.

19.

Defendants deny the allegations contained in Paragraph No. 19 of the Amended Complaint.

20.

Defendants deny the allegations contained in Paragraph No. 20 of the Amended Complaint.

21.

Defendants deny the allegations contained in Paragraph No. 21 of the Amended Complaint.

22.

Defendants deny the allegations contained in Paragraph No. 22 of the Amended Complaint.

23.

Defendants deny the allegations contained in Paragraph No. 23 of the Amended Complaint.

24.

Defendants admit that Yakov Stein was interviewed in a "Holdfolio" video at the link referenced in footnote 4. Defendants state that the video speaks for itself and denies the allegations about the statements referenced in Paragraph No. 24 of the Amended Complaint on the grounds that they misrepresent the statements and/or take them out of context. Defendants further deny any remaining allegations contained in Paragraph No. 24 of the Amended Complaint and footnotes 3 through 5.

25.

Defendants deny the allegations contained in Paragraph No. 25 of the Amended Complaint.

26.

Defendants deny the allegations contained in Paragraph No. 26 of the Amended Complaint.

27.

Defendants deny the allegations contained in Paragraph No. 27 of the Amended Complaint.

28.

Defendants deny the allegations contained in Paragraph No. 28 of the Amended Complaint.

29.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 29 of the Amended Complaint.

30.

Defendants deny the allegations contained in Paragraph No. 30 of the Amended Complaint.

31.

Defendants deny the allegations contained in Paragraph No. 31 of the Amended Complaint.

32.

Defendants deny the allegations contained in Paragraph No. 32 of the Amended Complaint.

33.

Defendants admit that a vehicle crashed into the apartment complex and damaged a portion of the outer wall. Defendants deny the remaining allegations contained in Paragraph No. 33 of the Amended Complaint.

34.

Defendants deny the allegations contained in Paragraph No. 34 of the Amended Complaint.

35.

Defendants deny the allegations contained in Paragraph No. 35 of the Amended Complaint.

36.

Defendants deny the allegations contained in Paragraph No. 36 of the Amended Complaint.

37.

Defendants deny the allegations contained in Paragraph No. 37 of the Amended Complaint.

38.

Defendants deny the allegations contained in Paragraph No. 38 of the Amended Complaint, including footnote 6.

39.

Defendants deny the allegations contained in Paragraph No. 39 of the Amended Complaint.

40.

Defendants admit, as noted in footnote 7, that the fire suppression system passed an inspection in December of 2022. Defendants deny the remaining allegations contained in Paragraph No. 40 of the Amended Complaint.

41.

Defendants deny the allegations contained in Paragraph No. 41 of the Amended Complaint.

42.

Defendants admit that Century and other vendors filed liens on unpaid invoices. Defendants deny the remaining allegations contained in Paragraph No. 42 of the Amended Complaint.

43.

Defendants admit the allegations contained in Paragraph No. 43 of the Amended Complaint, except for the characterization that the property flooded "again."

44.

Defendants admit that sprinkler heads were replaced prior to the fire at issue. Defendants deny that there were damaged or corroded sprinkler heads throughout the hallways of Buildings One and Two at the time of the fire at issue or that same would have had anything to do with the fire that took place in Building One.

45.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 45 of the Amended Complaint and footnote 8, but deny any claims from Plaintiff Dessin or anyone else that the sprinkler system was non-functional before or at the time of the fire at issue.

46.

Defendants deny the allegations contained in Paragraph No. 46 and footnote 9 of the Amended Complaint.

47.

Defendants lack knowledge or information at this time sufficient to form a belief about the truth of the allegations contained in Paragraph No. 47 of the Amended Complaint.

48.

Defendants admit that Plaintiff Lanz sent an email on October 4, 2023 to members of the property management team stating, in part and not verbatim, what is alleged in Paragraph No. 48 of the Amended Complaint. Defendants deny any remaining allegations contained in Paragraph No. 48 of the Amended Complaint.

49.

Defendants deny the allegations contained in Paragraph No. 49 of the Amended Complaint.

50.

Defendants deny the allegations contained in Paragraph No. 50 of the Amended Complaint.

51.

Defendants deny the allegations contained in Paragraph No. 51 of the Amended Complaint.

52.

Defendants admit that apartment resident Charnelle Gunn, her boyfriend, Robert Stokes, and her minor child were discharging fireworks from the top level of the parking deck on the night of November 10, 2023 and that Charnelle Gunn threw a sparkler from said location onto the roof of Building 1. Defendants deny the remaining allegations contained in Paragraph No. 52 of the Amended Complaint.

53.

Defendants deny the allegations contained in Paragraph No. 53 of the Amended Complaint on the grounds that the phrase "started substantially" is vague, ambiguous, and undefined.

54.

Defendants admit the allegations contained in Paragraph No. 54 of the Amended Complaint.

55.

Defendants admit that Deyse Mejia did not live on-site at the time of the fire but was staying there the night of the fire. Defendants deny the remaining allegations contained in Paragraph No. 55 of the Amended Complaint.

56.

Defendants admit that Deyse Mejia and Jennifer Sequeira (Assistant Property Manager) attempted to put out the fire on the roof together.

57.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 57 of the Amended Complaint.

58.

Defendants admit the allegations contained in Paragraph No. 58 of the Amended Complaint.

59.

Defendants admit that the fire alarm did not sound until the fire alarm was pulled, but Defendants deny that this was a result of the alarm system not functioning properly. Defendants deny the remaining allegations contained in Paragraph No. 59 of the Amended Complaint.

60.

Defendants deny the allegations contained in Paragraph No. 60 of the Amended Complaint.

61.

Defendants deny the allegations contained in Paragraph No. 61 of the Amended Complaint.

62.

Defendants admit that Deyse Mejia manually pulled the fire alarm in Building 1 and that she sent a tenant to pull the fire alarm in Building 2, that some of the leasing agents were on-site, and that not all the leasing agents live on-site. Defendants deny the remaining allegations contained in Paragraph No. 62 and footnote 10 of the Amended Complaint, including, but not limited to, that all of the leasing agents were on-site, that the fire alarm was not functioning properly, that Defendants were negligent, and that Defendants intentionally disabled the alarm system.

63.

Defendants admit that the fire alarms had gone off numerous times prior to November 10, 2023 as a result of residents manually pulling the alarms. Defendants deny the remaining allegations contained in Paragraph No. 63 of the Amended Complaint.

64.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 64 of the Amended Complaint.

65.

Defendants admit that an Atlanta Police Department officer, who worked as a courtesy officer for the property, helped notify the residents of the fire at issue. Defendants deny the remaining allegations contained in Paragraph No. 65 of the Amended Complaint.

66.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 66 of the Amended Complaint.

67.

Defendants admit the allegations contained in Paragraph No. 67 of the Amended Complaint.

68.

Defendants admit the allegations contained in Paragraph No. 68 of the Amended Complaint.

69.

Defendants admit the allegations contained in Paragraph No. 69 of the Amended Complaint, but further state that every resident of Building 2 was thereafter given a reasonable opportunity to return to their apartments and retrieve all of their belongings.

70.

Defendants admit the allegations contained in Paragraph No. 70 of the Amended Complaint, but further state that Building Two residents also were not required to pay any rent after the fire at issue.

71.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 71 of the Amended Complaint.

72.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 72 of the Amended Complaint.

73.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 73 of the Amended

Complaint, but state that Building Two residents were not required to pay any rent after the fire at issue.

74.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 74 of the Amended Complaint, but state that any refunds due to any residents have been issued.

75.

Defendants deny the allegations contained in Paragraph No. 75 of the Amended Complaint.

76.

Defendants deny the allegations contained in Paragraph No. 76 of the Amended Complaint.

77.

Defendants admit that a GoFundMe was established for residents and that some donations were made. However, it was later discovered that the GoFundMe was not set up properly and the donations were automatically returned to the donors after a certain time period. Defendants deny any remaining allegations contained in Paragraph No. 77 of the Amended Complaint.

78.

Defendants deny they are withholding any funds from Plaintiffs. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph No. 78 of the Amended Complaint.

79.

Defendants deny the allegations contained in Paragraph No. 79 of the Amended Complaint.

80.

Defendants deny the allegations contained in Paragraph No. 80 of the Amended Complaint as stated, and further state that every resident of Building Two has been given a reasonable opportunity to return to their apartments and retrieve all of their belongings.

81.

Defendants admit that they worked with the residents of Building Two to give them all a reasonable opportunity to return to their apartments and retrieve all of their belongings. Defendants deny the remaining allegations contained in Paragraph No. 81 of the Amended Complaint.

82.

Defendants deny the allegations contained in Paragraph No. 82 of the Amended Complaint.

83.

Defendants deny the allegations contained in Paragraph No. 83 of the Amended Complaint.

84.

Defendants admit that residents of Building Two were required to sign a release before entering the property, as the property was generally unsafe and Defendants wanted to protect against claims for injuries incurred while being on the property. Defendants deny the remaining allegations contained in Paragraph No. 84 of the Amended Complaint.

85.

Defendants admit that Deyse Mejia stated that the employees were emotionally unavailable after the fire. Defendants deny the remaining allegations contained in Paragraph No. 85 of the Amended Complaint.

86.

Defendants deny the allegations contained in Paragraph No. 86 of the Amended Complaint.

87.

Defendants deny the allegations contained in Paragraph No. 87 of the Amended Complaint.

88.

Defendants deny the allegations contained in Paragraph No. 88 of the Amended Complaint.

89.

Defendants deny the allegations contained in Paragraph No. 89 of the Amended Complaint.

90.

Defendants deny the allegations contained in Paragraph No. 90 of the Amended Complaint.

91.

Defendants deny the allegations contained in Paragraph No. 91 of the Amended Complaint.

92.

Defendants deny the allegations contained in Paragraph No. 92 and footnote 11 of the Amended Complaint.

93.

Defendants deny the allegations contained in Paragraph No. 93 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

94.

Defendants admit the allegations contained in Paragraph No. 94 of the Amended Complaint, but deny that any class should be certified.

95.

Defendants admit the allegations contained in Paragraph No. 95 of the Amended Complaint, but deny that any class should be certified.

96.

Defendants deny the allegations contained in Paragraph No. 96 of the Amended Complaint.

97.

Defendants deny the allegations contained in Paragraph No. 97 of the Amended Complaint.

98.

Defendants deny the allegations contained in Paragraph No. 98 of the Amended Complaint.

99.

Defendants deny the allegations contained in Paragraph No. 99 of the Amended Complaint.

100.

Defendants deny the allegations contained in Paragraph No. 100 of the Amended Complaint.

101.

Defendants deny the allegations contained in Paragraph No. 101 of the Amended Complaint.

102.

Defendants deny the allegations contained in Paragraph No. 102 of the Amended Complaint.

103.

Defendants deny the allegations contained in Paragraph No. 103 of the Amended Complaint.

104.

Defendants deny the allegations contained in Paragraph No. 104 of the Amended Complaint.

105.

Defendants deny the allegations contained in Paragraph No. 105 of the Amended Complaint.

COUNT ONE – Alleged Negligence, Gross Negligence, and Negligence Per Se

106.

Defendants admit that they had the duties imposed on them pursuant to Georgia law. Defendants deny any remaining allegations contained in Paragraph No. 106 of the Amended Complaint.

107.

Defendants deny the allegations contained in Paragraph No. 107 of the Amended Complaint.

108.

Defendants deny the allegations contained in Paragraph No. 108 of the Amended Complaint.

109.

Defendants deny the allegations contained in Paragraph No. 109 of the Amended Complaint.

110.

Defendants deny the allegations contained in Paragraph No. 110 of the Amended Complaint.

111.

Defendants deny the allegations contained in Paragraph No. 111 of the Amended Complaint.

COUNT TWO – Alleged Nuisance

112.

Defendants deny the allegations contained in Paragraph No. 112 of the Amended Complaint.

113.

Defendants deny the allegations contained in Paragraph No. 113 of the Amended Complaint.

Defendants further deny each and every prayer for relief, allegation, and claim in the Amended Complaint not specifically responded to above, including, but not limited to, the WHEREFORE clause and subparts (a) through (i) therein.

WHEREFORE, Defendants pray for the following:

(1) That the Amended Complaint be dismissed in its entirety with prejudice and judgment entered in favor of Defendants on all counts;

(2) That all costs of this action be cast upon Plaintiffs;

(3) Trial by a jury of twelve persons as to all issues properly triable by a jury; and

(4) For such further and other relief as the Court deems just and proper.

Respectfully submitted this 21st day of June, 2024.

**JONES CORK, LLP**

*/s/ R. Matt Shoemaker*
R. Matt Shoemaker

Georgia Bar No. 339367
Truist Bank Building
435 Second Street, Fifth Floor
P. O. Box 6437
Macon, Georgia 31208-6437
(478) 745-2821
(478) 743-9609 (facsimile)
matt.shoemaker@jonescork.com
*Attorney for Defendants*

## 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1(C) and 7.1(D), ND Ga.

This 21st day of June, 2024.

**JONES CORK, LLP**

/s/ *R. Matt Shoemaker*
R. Matt Shoemaker
Georgia Bar No. 339367
Truist Bank Building
435 Second Street, Fifth Floor
P. O. Box 6437
Macon, Georgia 31208-6437
(478) 745-2821
(478) 743-9609 (facsimile)
matt.shoemaker@jonescork.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record and parties in interest.

This 21st day of June, 2024.

**JONES CORK, LLP**

/s/ *R. Matt Shoemaker*
R. Matt Shoemaker
Georgia Bar No. 339367
Truist Bank Building
435 Second Street, Fifth Floor
P. O. Box 6437
Macon, Georgia 31208-6437
(478) 745-2821
(478) 743-9609 (facsimile)
matt.shoemaker@jonescork.com
*Attorney for Defendants*