**EXECUTION VERSION**

***LANZ, ET AL. v. LHNH LAVISTA LLC, ET AL.***
United States District Court for the Northern District of Georgia
Case No. 1:23-cv-05344-LMM

## CLASS SETTLEMENT AND RELEASE AGREEMENT

This Class Action Settlement and Release Agreement (the "Agreement") is made and entered into by and among Plaintiffs Alexander Lanz, Alyssa Greene, Shanaya Dessin, and Vincent Leija, Individually and on behalf of a class of similarly situated individuals ((collectively, "Class Representatives" or "Plaintiffs), and Defendants LHNH Lavista, LLC, LHNH Lavista TIC II, LLC, LHNH Lavista TIC III, LLC, Silverpoint Management, LLC, and Avenium Group, LLC ("Defendants")who are the parties to the action *Lanz, et al. v. LHNH LaVista LLC, et al.*, Case No. 1:23-cv-05344-LMM, pending in the United States District Court for the Northern District of Georgia, arising out of the fire of November 10, 2023 at The Reserve at LaVista Walk apartments in Atlanta, Georgia (the **"Fire"**). This Agreement is intended by the Parties to fully and finally compromise, settle, resolve, discharge, release, and dismiss with prejudice on a comprehensive basis all claims against the Defendants arising out of or in any way related to the Fire, as set forth below, under the terms set forth herein, subject to review and approval by the Court and satisfaction of all other Conditions set forth below.

Capitalized terms have the meaning provided in Article II unless this Agreement provides otherwise.

## ARTICLE I: RECITALS

**WHEREAS,** on November 10, 2023, a fire occurred at The Reserve at LaVista Walk apartments in Atlanta, Georgia;

**WHEREAS,** on November 22, 2023, the original named plaintiffs filed a putative class action against Defendants in the United States District Court for the Northern District of Georgia, which was subsequently amended, asserting claims, on behalf of themselves and a putative class, of negligence, premises liability, breach of warranty of habitability, breach of contract, and related causes of action arising from the Fire;

**WHEREAS,** the operative complaint alleges that Defendants were negligent in failing to prevent the Fire and in failing to secure the property and Class Members' personal effects after the Fire, and seeks compensatory damages for property loss, displacement, loss of use, emotional distress, and related harms;



The signed document can be validated at https://app.vinesign.com/Verify

**WHEREAS,** on November 19, 2025, the Court entered an Order certifying a class pursuant to Fed.R.Civ.P. 23 on the issue of liability relating to the Fire;

**WHEREAS,** Defendants deny having any liability for any claims, causes of action, costs, expenses, attorneys' fees, or damages of any kind arising out of the Fire, and have asserted or intend to assert legal and factual defenses against Plaintiffs' claims;

**WHEREAS,** Class Counsel, through extensive investigation, have evaluated the merits of Plaintiffs' claims and Defendants' defenses, including by reviewing thousands of pages of documents produced in discovery, deposing witnesses, retaining an expert to determine personal property losses, and analyzing the legal issues raised by the claims and defenses as well as the insurance coverage and financial resources available to Defendants;

**WHEREAS,** the Parties engaged in arm's-length settlement negotiations, including with the assistance of an experienced mediator, over an extended period, resulting in the agreement reflected herein;

**WHEREAS,** upon careful review and analysis, Class Counsel have concluded that it is in the best interests of the Plaintiffs on behalf of the Class to settle all claims against the Defendants for the consideration reflected in the terms and benefits of this Agreement; Class Counsel have considered, among other things: (1) the complexity, expense, and likely duration of the litigation through trial and any appeals that might be taken; (2) the stage of the litigation and amount of fact gathering and expert development completed; (3) the potential for Defendants to prevail on the merits, in whole or in part, on liability or damages issues; (4) the range of possible recovery; (5) Defendants' ability to pay; (6) the availability of insurance; (7) the benefits of a settlement at this time to the Class; and (8) the benefits and challenges of a class resolution and alternative resolution mechanisms; and Class Counsel have determined that the Settlement Amount and the terms of this Agreement are fair, reasonable, adequate, and in the best interests of the Class;

**WHEREAS,** Class Counsel is counsel of record in *Takeia Mays, et al. v. Bluesky Restoration Contractors, LLC*, Case No. 25EV011602, Superior Court of Fulton County, Georgia ("*Mays*") and *Salad Express, LLC, et al v. LHNH Lavista, LLC, et al.*, Case No. 1:25-cv-6419, United States District Court for the Northern District of Georgia, in which the *Mays* and *Salad Express* plaintiffs assert claims against the Defendants, arising out of the same fire at issue that are also resolved and released as part of this Agreement;

**WHEREAS,** upon careful review and analysis, Defendants have similarly concluded that it is in its best interests to enter into this Agreement to resolve all claims, after considering, among other things, the same factors set forth above as well as the cost and burden of further litigation, and has determined that the terms of this Agreement are reasonable, fair, adequate, and in its best interests;

**WHEREAS,** the Parties agree to seek review and approval of this Agreement from the Court, and, upon Preliminary Approval, and after completion of all interim steps as described in this Agreement, the Parties will seek a Final Order and Judgment from the Court approving this Agreement, certifying the Settlement Class, and dismissing the Action with prejudice;

**WHEREAS,** this Agreement shall not be construed as evidence, or as an admission by any Defendant or Releasee of any liability or wrongdoing whatsoever, as an admission by Plaintiffs of any lack of merit in their claims, or as evidence or an admission of the value of Plaintiffs' claims;

**NOW, THEREFORE**, in consideration of the agreements, promises, and covenants set forth in this Agreement, the Action and all claims shall be settled and compromised under the following terms and conditions:

## ARTICLE II: DEFINITIONS

For purposes of this Agreement, the following terms (designated by initial capitalization throughout this Agreement) shall have the meanings set forth in this Article. Where a term is not capitalized, it shall have its ordinary meaning, in the context of the sentence, rather than the defined meaning.

**2.1** **"Action"** means the action styled *Lanz, et al. v. LHNH LaVista LLC, et al.*, Case No. 1:23-cv-05344-LMM, pending in the United States District Court for the Northern District of Georgia.

**2.2** **"Affiliate"** means with respect to any Person, any other Person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with that Person.

**2.3** **"Authorized Claimant"** means any Class Member who timely submits a valid Claim Form and is determined by the Settlement Administrator to be entitled to a Settlement Payment in accordance with the Settlement Plan.

**2.4** **"Claim Form"** means the form approved by the Court, by which a Class Member submits a claim for a Settlement Payment under this Agreement.

**2.5** **"Class"** or **"Settlement Class"** means all natural persons who resided at The Reserve at LaVista Walk apartments on November 10, 2023, including persons over the age of 18 (each, an "Adult Class Member") and persons under the age of 18 (each, a "Minor Class Member"), and including their assignees, Subrogated Insurers, and successors in interest. A parent or legal guardian may submit a Claim Form on behalf of a Minor Class Member, and a Minor Class Member participates in the Settlement solely through such parent or legal guardian. The Class

excludes Charnelle Gunn, Robert Stokes, and any Persons that have previously settled, assigned, or litigated to final judgment their claims related to the Fire.

**2.6** **"Class Counsel"** means The Brosnahan Law Firm, Dean Thaxton LLC, and Epps Holloway DeLoach & Hoipkemier, LLC, jointly, as appointed by the Court.

**2.7** **"Class Member"** means any Person who is a member of the Settlement Class, including Adult Class Members, Minor Class Members, and Subrogated Insurers, who does not timely and validly elect to opt out of the Settlement Class.

**2.8** **"Class Notice"** means the notice of the proposed Settlement to be provided to the Class in the manner approved by the Court.

**2.9** **"Class Representatives"** means Alexander Lanz, Alyssa Greene, Shanaya Dessin, and Vincent Leija.

**2.10** **"Conditions"** means the conditions set forth in Section 8.1 of this Agreement that must be satisfied before the releases herein become effective and the Settlement Amount becomes payable.

**2.11** **"Court"** means the United States District Court for the Northern District of Georgia and, where applicable, the Honorable Leigh Martin May, presiding.

**2.12** **"Defendants"** means LHNH LaVista LLC, LHNH LaVista TIC II, LLC, LHNH LaVista TIC III, LLC, Silverpoint Management, LLC, and Avenium Group, LLC, including their respective Affiliates.

**2.13** **"Defendant Releasors"** means Defendants and their respective past and present, direct and indirect, parents, subsidiaries, Affiliates, officers, directors, employees, agents, attorneys, servants, representatives, general partners, limited partners, members, managers, insurers, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

**2.14** **"Effective Date"** means the date on which all Conditions set forth in Section 8.1 have been satisfied or waived in writing by the Parties.

**2.15** **"Final Approval"** means the Court's entry of an order granting final approval of this Agreement under Federal Rule of Civil Procedure 23(e).

**2.16** **"Final Order and Judgment"** means the order and judgment entered by the Court at or following the Final Approval Hearing, granting Final Approval of this Agreement and dismissing the Action with prejudice.

**2.17** **"Final Approval Hearing"** or **"Fairness Hearing"** means the hearing held by the Court to consider whether this Agreement should be granted Final Approval.

**2.18 "Fire"** means the fire that occurred on November 10, 2023 at The Reserve at LaVista Walk apartments located at 1155 Lavista Road in Atlanta, Georgia, and the subsequent loss of, damage to, theft of, and vandalism affecting personal property, real property, and improvements at the property.

**2.19 "Net Settlement Fund"** means the Settlement Fund less Court-approved attorneys' fees, litigation expenses, settlement administration costs, taxes, and any opt-out reversion, as more particularly described in Article III.

**2.20 "Opt-Out"** means a Class Member's election to exclude himself, herself, or a Minor Class Member from the Settlement Class in accordance with the procedures set forth in this Agreement and the Class Notice.

**2.21 "Parties"** means the Class Representatives (on behalf of themselves and the Settlement Class) and Defendants, collectively.

**2.22 "Person"** means any natural person, corporation, partnership, limited liability company, association, trust, estate, governmental entity, or other legal entity.

**2.23 "Settlement Plan"** means the plan approved by the Court for distributing the Net Settlement Fund to Authorized Claimants, including the procedures and formulas for calculating each Authorized Claimant's Settlement Payment.

**2.24 "Preliminary Approval"** means the Court's entry of an order granting preliminary approval of this Agreement, certifying the Settlement Class for settlement purposes, approving the form and manner of Class Notice, and scheduling the Final Approval Hearing.

**2.25 "Released Claims"** means any and all claims, causes of action, liens, demands, rights, suits, debts, obligations, liabilities, damages, losses, costs, expenses, and attorneys' fees, whether known or unknown, suspected or unsuspected, accrued or unaccrued, asserted or unasserted, contingent or non-contingent, that any Releasor has, had, or may have against any Releasee arising out of, relating to, or in any way connected with the Fire, including without limitation claims for property damage (real and personal), loss of use, displacement, relocation costs, alternative housing, emotional distress, inconvenience, mental anguish, and any other economic, non-economic, or consequential damages of any kind. The Released Claims includes the claims asserted against the Defendants in *Mays*.

**2.26 "Releasees"** means Defendants, and each of their respective past and present, direct and indirect, parents, subsidiaries, Affiliates, officers, directors, employees, agents, attorneys, servants, representatives, general partners, limited partners, members, managers, insurers, reinsurers, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

**2.27 "Releasors"** means the Class Representatives and Class Members, and each of their respective past and present, direct and indirect, parents, guardians, conservators, fiduciaries, next friends, subsidiaries, Affiliates, officers, directors, employees, agents, attorneys, servants, representatives, general partners, limited partners, members, managers, insurers (including any Subrogated Insurers as to claims they have paid), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

**2.28 "Settlement"** means the settlement memorialized by this Agreement.

**2.29 "Settlement Administrator"** means Simpluris, Inc. or other third-party administrator agreed to by the Parties and appointed by the Court to administer this Settlement, including providing Class Notice, processing Claim Forms, calculating Settlement Payments, distributing the Net Settlement Fund, and performing related tasks.

**2.30 "Settlement Amount"** means the sum of Eight Million Four Hundred Fifty Thousand Dollars ($8,450,000), as more particularly described in Section 3.1, payable by Defendants in full and complete settlement of all Released Claims.

**2.31 "Settlement Fund"** means the qualified settlement fund into which Defendants shall deposit the Settlement Amount in accordance with Article III.

**2.32 "Settlement Payment"** means a payment to an Authorized Claimant from the Net Settlement Fund, calculated and distributed in accordance with the Settlement Plan.

**2.33 "Subrogated Insurer"** means any insurance company that paid an insurance claim to a Class Member arising out of the Fire and that holds subrogation rights with respect to the amounts paid.

**2.34 "Minor Payment"** means the flat payment of Two Thousand Five Hundred Dollars ($2,500) payable to each Minor Class Member, in full and final satisfaction of all Released Claims of the Minor Class Member.

## ARTICLE III: SETTLEMENT FUND

**3.1 <u>Settlement Amount</u>.** In consideration of the releases set forth in Article VII of this Agreement, the dismissal with prejudice of the Action, and the other terms and conditions of this Agreement, Defendants shall pay, or cause to be paid, the Settlement Amount of Eight Million Four Hundred Fifty Thousand Dollars ($8,450,000.00) into the Settlement Fund. The Settlement Amount represents the full and complete consideration to be paid by Defendants in connection with this Agreement, and Defendants shall have no obligation to pay any additional amount in connection with the Settlement or the Action, regardless of the number of Class Members, the

number of Claim Forms filed, the amount of any award of attorneys' fees or costs, or the costs of settlement administration.

**3.2 <u>Timing of Payment</u>.** Within fifteen (15) days of the Court's entry of the Preliminary Approval Order, Defendants will initially fund the Settlement Fund by depositing into an escrow account with the Settlement Administrator the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) to cover initial costs and expenses for implementing the terms of the Settlement set forth herein. Within fifteen (15) days of the Effective Date, Defendants shall fund the remaining Settlement Amount balance by depositing Eight Million Two Hundred Thousand Dollars ($8,200,000.00) into the escrow account with the Settlement Administrator. The Settlement Amount, together with all interest accrued thereon, shall constitute the Settlement Fund.

**3.3 <u>Qualified Settlement Fund</u>.** The Settlement Fund shall be established and administered as a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1 and shall be maintained in one or more accounts that are either FDIC-insured or invested in securities backed by the full faith and credit of the United States Government. The Settlement Administrator shall be the "administrator" of the qualified settlement fund and shall be responsible for all tax filings, withholdings, and reporting obligations of the qualified settlement fund. Defendants shall be "transferors" for these purposes. Neither Defendants nor Class Counsel shall have any responsibility for investment decisions, bank failures, or any other risk relating to the administration of the Settlement Fund once paid, all such risk being borne by the Settlement Fund itself.

**3.4 <u>Uses of Settlement Fund</u>.**

The Settlement Fund shall be used solely for the following purposes, in the following order of priority:

**(a)** payment of any taxes owed by the Settlement Fund and the reasonable costs of preparing any tax returns;

**(b)** payment of Court-approved attorneys' fees and litigation expenses to Class Counsel;

**(c)** payment of Court-approved settlement administration expenses, including the fees and costs of the Settlement Administrator and the costs of Class Notice;

**(d)** payment of any opt-out reversion to Defendants as set forth in Section 3.6; and

**(e)** payment of Settlement Payments to Authorized Claimants, and payment of any Recognized Subrogation Claims to Subrogated Insurers, in accordance with the Settlement Plan.

**3.5 Attorneys' Fees and Litigation Expenses.**

**(a) Attorneys' Fees**. Class Counsel may petition the Court for an award of attorneys' fees not to exceed thirty-three and one-third percent (33 ⅓%) of the Settlement Amount (i.e., not to exceed $2,813,850). Any such award shall be paid solely from the Settlement Fund. Class Counsel and Defendants did not discuss attorneys' fees prior to agreement on the material terms of this Agreement. Defendants shall not oppose any application by Class Counsel for attorneys' fees that complies with this Section. Within forty (40) days after the Effective Date or entry of the order approving the application for attorneys' fees (whichever is later), the Settlement Administrator shall make payment of the Attorneys' Fees and Expenses awarded by the Court to Class Counsel, pursuant to payment instructions in writing from Class Counsel. In accepting this payment, the Class Representatives and Class Counsel, on behalf of themselves and all Settlement Class Members, acknowledge that the payment and method of payment under this Agreement are in full satisfaction of any and all claims, rights, and demands that Class Counsel, the Class Representatives, or the Settlement Class had, have, or may claim to have in the future for attorneys' fees, costs, expenses, or any other payment in connection with this Action or this Agreement, up to the date of Final Judgment.

**(b) Litigation Expenses**. Class Counsel may petition the Court for reimbursement of reasonable litigation expenses incurred in prosecuting the Action, to be paid solely from the Settlement Fund. The total amount of attorneys' fees and litigation expenses paid from the Settlement Fund shall in all events be subject to Court approval.

**(c) No Additional Obligations**. Defendants shall have no responsibility for any payments beyond their payment of the Settlement Amount. Defendants shall bear their own attorneys' fees and costs incurred in connection with the Action and this Agreement.

**3.6 Opt-Out Reversion.** In the event Class Members validly Opt-Out of the Settlement, Defendants shall be entitled to a reversion from the Settlement Fund in the amount of $26,000 per Opt-Out, payable upon entry of the Final Order and Judgment, subject to the walk-away provision in Section 3.7.

**3.7 Walk-Away Right.** If fifteen (15) or more Class Members validly Opt-Out of the Settlement, Defendants shall have the right, but not the obligation, to terminate this Agreement upon written notice to Class Counsel given within fourteen (14) days after the deadline for Class

Members to submit Opt-Out requests. If Defendants exercise this right, this Agreement shall be null and void, except as provided in Section 8.5. Subrogated Insurers are to be treated as Class Members and any valid Opt-Out by such insurer is to be counted towards the Walk-Away Right.

**3.8** **Settlement Administrator.** The motion for Preliminary Approval shall request that the Court appoint Simpluris, Inc. as Settlement Administrator. Except as expressly stated herein, Defendants shall have no responsibility, authority, or liability for the selection of the Settlement Administrator, the administration of the Settlement, the Settlement Plan, or the disbursement of funds. The Settlement Administrator shall administer the Settlement according to the terms of this Agreement, the Settlement Plan, and the orders of the Court, and shall provide periodic reports to the Court and to the Parties regarding the administration of the Settlement.

**3.9** **Taxes.** Authorized Claimants shall be solely responsible for any taxes, including penalties and interest, owed on Settlement Payments. The Settlement Administrator shall issue IRS Form 1099 or other applicable tax forms to Authorized Claimants and Subrogated Insurers as required by law. Defendants and Plaintiffs have not made, and Authorized Claimants do not rely upon, any representation regarding the tax treatment of any payment made in connection with this Agreement.

## ARTICLE IV: CERTIFICATION, NOTICE AND CLAIMS ADMINISTRATION

**4.1** **Certification of Class for Settlement Purposes.** In connection with the proceedings for Preliminary and Final Approval, the Class Representatives shall seek and Defendants will not oppose orders certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only. After the Preliminary Approval Order and no later than fifteen (15) days before the Final Approval Hearing, the Class Representatives shall move for Final Approval of the Settlement and entry of Final Judgment and shall request that the preliminary certification of the Settlement Class as defined herein for settlement purposes be made final. If the Settlement is not granted final approval and the Final Approval Order is not entered in the same or substantially the same form as attached as an Exhibit hereto, the certification of the Settlement Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for any other purposes in this or any other action can be or have been satisfied.

**4.2** **Settlement Plan.** Class Counsel has proposed a Settlement Plan and Claim Forms as Exhibits A, D, and E governing the distribution of the Net Settlement Fund to Authorized Claimants. The Settlement Plan shall be subject to Court approval. The Settlement Plan shall, among other things: (a) establish a deadline for filing Claim Forms and opt-out elections; (b) describe the categories of Settlement Payments available; (c) set forth the formula or method for

calculating each Authorized Claimant's Settlement Payment; (d) provide for the treatment of Recognized Subrogation Claims, if any; (e) establish the procedures for the resolution of incomplete or disputed claims; (f) provide for the disposition of any residual amount remaining after distribution; and (g) provide for the payment of the Minor Payment to each Minor Class Member, in the flat amount of Two Thousand Five Hundred Dollars ($2,500), which payment shall not be reduced on a pro rata basis.

**4.3 Class Notice.** Class Notice shall be disseminated in the manner and form approved by the Court. The Class Notice shall, at minimum, satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, including by: (a) describing the nature of the Action and the terms of the Settlement; (b) defining the Settlement Class; (c) informing Class Members of their right to Opt-Out or object, and the procedures and deadlines for doing so; (d) informing Class Members that they will be bound by the Settlement, including the release of Released Claims, if they do not Opt-Out; and (e) providing contact information for the Settlement Administrator and Class Counsel.

**4.4 Subrogation Notice.** The Settlement Administrator shall provide reasonable notice to known Subrogated Insurers of the Settlement and the procedures for filing Recognized Subrogation Claims. The notice shall be in the form approved by the Court and shall describe the consequences of failing to timely file a Recognized Subrogation Claim, including any forfeiture of subrogation rights against Defendants under the terms of the Final Order and Judgment.

**4.5 Opt-Out Procedure.** Any member of the Settlement Class may Opt-Out by submitting a timely, written, and signed request for exclusion to the Settlement Administrator in accordance with the procedures set forth in the Class Notice and the Settlement Plan. No Class Member may submit an Opt-Out request on behalf of another Class Member, except that an Adult Class Member may submit an Opt-Out Request on behalf of Minor Class Member if the Class Members are related within one degree of kinship (e.g., parent-child). Mass or class Opt-Outs are not permitted. A Class Member who validly Opts-Out shall not be bound by this Agreement, shall not be entitled to any Settlement Payment, and shall retain whatever rights, if any, such Person may have against Defendants. Information regarding all Opt-Out requests shall be provided to Defendants no later than seven (7) days following the Opt-Out deadline.

**4.6 Objections.** Any Class Member who does not Opt-Out may object to this Agreement by filing a timely written objection with the Court and served on Class Counsel and Defendants' Counsel in accordance with the procedures set forth in the Class Notice and as ordered by the Court. To be considered, an objection must include: (a) the objector's full name, address, telephone number, and signature; (b) a statement that the objector is a Class Member, with supporting information including the unit number at the property; (c) a clear statement of the basis for the

objection; (d) any documents the objector wishes the Court to consider; (e) each instance that the Settlement Class Member or his/her counsel has objected to a class settlement in the last five years; and (f) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. A Class Member who validly Opts-Out may not object. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Notice and consistent with this section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

**4.7 Allocation Responsibility.** Class Counsel bear full responsibility for proposing the allocation of the Net Settlement Fund among Authorized Claimants. The total amount paid to Authorized Claimants and Subrogated Insurers (inclusive of all attorneys' fees, expert fees, administrator's fees, and all costs and other amounts) shall not exceed the Settlement Amount.

## ARTICLE V: SUBROGATION CLAIMS AND INDEMNIFICATION

**5.1 Subrogation Process.** The Settlement Plan shall include a process by which Subrogated Insurers may file Recognized Subrogation Claims for payment from the Settlement Fund. Such process shall include: (a) the deadline for filing Recognized Subrogation Claims; (b) the documentation required; (c) the formula for calculating the Recognized Subrogation Claim amount; (d) the procedure for validation and resolution of disputed claims; (e) the consequences of failing to timely file; and (f) the timing and manner of payment to participating Subrogated Insurers.

**5.2 Release in Exchange for Payment.** Any Subrogated Insurer that receives a payment from the Settlement Fund shall, as a condition of payment, release all subrogation rights against the Defendants and against any Class Member or Authorized Claimant on account of the claims for which payment was received. Such release shall be enforceable as a provision of the Final Order and Judgment.

## ARTICLE VI: NO ADMISSION OF LIABILITY

**6.1 No Admission.** This Agreement, including its exhibits, the Settlement Plan, the negotiations leading to its execution, and any proceedings in connection herewith, shall not constitute, be construed as, be deemed to be, or be offered against any Defendant as evidence of any presumption, concession, or admission by Defendants or other Releasees with respect to: (a) the truth of any fact alleged by Plaintiffs; (b) the validity of any claim that was or could have been asserted in the Action; (c) the deficiency of any defense that has been or could have been asserted

in the Action or in any other litigation; (d) the amount of any alleged damages incurred by any Class Member; or (e) any liability, negligence, fault, or other wrongdoing of any kind by Defendants or any other Releasee. This Agreement and the negotiations leading to it shall not be admissible as evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate or enforce this Agreement.

## ARTICLE VII: RELEASES

**7.1** **Class Release.** In consideration of the Settlement Amount and the other terms of this Agreement, each Class Member, on behalf of himself or herself and all Releasors, hereby expressly, intentionally, voluntarily, fully, finally, irrevocably, and forever releases, discharges, and holds harmless the Defendants from any and all claims. Each Class Member further waives, compromises, relinquishes, and hereby settles all claims against Defendants.

**7.2** **Subrogation Release.** For the avoidance of doubt, the release in Section 7.1 is binding on all insurers who paid Class Members under insurance policies for claims in any way related to the Fire, and any such insurer shall, upon the Effective Date, be barred from pursuing subrogation claims against the Defendants arising from the Fire, except (a) by timely filing a Recognized Subrogation Claim and obtaining payment from the Settlement Fund in accordance with the Settlement Plan, in which event the release shall apply to such insurer upon receipt of payment, or (b) where the insurer is not bound by the release as a matter of law.

**7.3** **Defendants' Release.** In consideration of the terms of this Agreement, each Defendant, on behalf of itself and its Defendant Releasors, hereby releases the Class Representatives, Class Members, and Class Counsel from any and all claims, counterclaims, cross-claims, or other claims arising out of or relating to the Action or the Fire, including without limitation any claims for sanctions, attorneys' fees, costs, or expenses; provided, however, that this release shall not extend to enforcement of the terms of this Agreement.

**7.4** **Release of Unknown Claims.** The Parties acknowledge that they may discover additional facts relating to the Released Claims after the Effective Date, and that the releases set forth in this Article VII shall remain effective notwithstanding such discovery. Each Releasor is deemed to have, fully, finally, and forever settled and released, resolved, relinquished, waived, and discharged any and all Released Claims, including known claims and unknown claims, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist or have existed upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts.

**7.5 Timing of Release.** The releases set forth in this Article VII shall become effective on the Effective Date.

**7.6 Dismissal of the Action, *Mays* and *Salad Express*.** Within ten (10) days after the Effective Date, Class Counsel shall file a stipulation of dismissal of the Action with prejudice, with each Party to bear its own costs except as provided herein. The Court shall retain exclusive and continuing jurisdiction over the implementation, administration, and enforcement of this Agreement and the Settlement. Additionally, within ten (10) days of the Court granting preliminary approval, Class Counsel shall file a motion requesting the dismissal without prejudice of the claims against the Defendants in *Mays* and *Salad Express*. For the avoidance of doubt, the claims against other defendants in *Mays* and *Salad Express* are not affected by this Agreement.

**7.7 Covenant Not to Sue.** Each Class Member who does not validly Opt-Out covenants and agrees that he or she shall not, directly or indirectly, initiate, prosecute, maintain, or assert any Released Claim against any Releasee in any forum, and shall not aid, abet, encourage, or assist any other Person in doing so. Each Class Member who does not validly Opt-Out hereby acknowledges that all Released Claims are forever discharged and, following final approval of this Settlement, will be barred by res judicata. Any such Released Claim, if asserted, shall be subject to immediate dismissal upon the filing of this Agreement and the Final Order and Judgment with the relevant court or tribunal.

**7.8 Exclusive Remedy.** Upon the Effective Date, this Agreement and the Settlement Plan shall constitute the sole and exclusive remedy of the Releasors against the Releasees with respect to all Released Claims. No Releasor shall recover, or be entitled to seek to recover, directly or indirectly, any sums from any Releasee on account of any Released Claim other than the consideration provided under this Agreement and distributed pursuant to the Settlement Plan.

## ARTICLE VIII: CONDITIONS AND TERMINATION

**8.1 Conditions to Effectiveness.**

The releases set forth in Article VII shall not become effective, and Defendants' obligation to pay the Settlement Amount shall not arise, until each of the following Conditions has been satisfied or waived in writing by the Parties:

**(a)** the Court has entered the Preliminary Approval order, in form and substance reasonably acceptable to the Parties;

**(b)** Class Notice has been disseminated in accordance with the order granting Preliminary Approval;

**(c)** the Court has held the Final Approval Hearing and entered the Final Order and Judgment, in form and substance reasonably acceptable to the Parties, finally approving this Agreement, certifying the Settlement Class for settlement purposes, and dismissing the Action with prejudice;

**(d)** the Final Order and Judgment has become final, meaning that the time for appeal has expired with no appeal having been filed or, if an appeal has been filed, all appeals have been resolved in a manner that does not modify any material term of this Agreement; and

**(e)** The Settlement Agreement is not validly terminated pursuant to Section 8.2, Section 8.3, Section 8.4, or by the written mutual consent of the Parties.

**8.2 Termination by Defendants (Opt-Outs).** Defendants may terminate this Agreement under Section 3.7 in the event of fifteen (15) or more valid Opt-Outs. Such termination right shall be exercised by written notice to Class Counsel within fourteen (14) days after the Opt-Out deadline.

**8.3 Termination (Failure of Approval).** If the Court declines to grant Preliminary Approval, declines to grant Final Approval, or conditions Preliminary Approval or Final Approval on changes to this Agreement that are not reasonably acceptable to one or both Parties, the Parties shall negotiate in good faith to modify this Agreement to address the Court's concerns. If the Parties are unable to reach agreement, either Party may terminate this Agreement upon written notice to the other.

**8.4 Termination (Reversal on Appeal).** If the Final Order and Judgment is reversed on appeal in a manner that materially alters this Agreement, either Party may terminate this Agreement upon written notice to the other within thirty (30) days of the reversal becoming final.

**8.5 Effect of Termination.** In the event of termination of this Agreement under this Article VIII: (a) this Agreement shall be null and void, except that Articles II (Definitions, to the extent used in surviving provisions), VI (No Admission of Liability), and X (Miscellaneous Provisions) shall survive; (b) the Settlement Amount, less any amounts already expended for settlement administration expenses incurred prior to termination, shall be returned to Defendants within thirty (30) days; (c) the Settlement Class certification shall be vacated and shall have no effect in subsequent proceedings; (d) the Parties shall be restored to their respective positions as of the Settlement Date with respect to the Action, with no admissions made by any Party in connection with this Agreement available for any purpose; and (e) the Parties shall jointly submit to the Court a proposed schedule for resuming litigation of the Action.

## ARTICLE IX: APPROVAL PROCESS

**9.1 <u>Cooperation</u>.** The Parties and their counsel agree to take all commercially reasonable actions necessary to obtain Preliminary Approval and Final Approval of this Agreement and entry of the Final Order and Judgment. Defendants and their counsel agree not to oppose Class Counsel's motions for Preliminary Approval, Final Approval, and attorneys' fees and costs, provided such motions are consistent with this Agreement; provided, however, that Defendants' non-opposition shall not be construed as an admission of the appropriateness of class certification for any purpose other than effectuating this Settlement.

**9.2 <u>Preliminary Approval</u>.** Within thirty (30) days after the Settlement Date, Class Counsel shall file a motion for Preliminary Approval seeking, among other things, an order: (a) preliminarily approving this Agreement; (b) certifying the Settlement Class for settlement purposes only; (c) appointing Class Counsel as counsel for the Settlement Class; (d) approving the form and manner of Class Notice and the Settlement Plan; (e) appointing the Settlement Administrator; and (f) scheduling the Final Approval Hearing, not earlier than ninety (90) days after Preliminary Approval. Class Counsel shall provide Defendants with a draft of the motion at least seven (7) days before filing, and Defendants shall have an opportunity to comment on the form of the motion and the proposed order.

**9.3 <u>Final Approval</u>.** Class Counsel shall file a motion for Final Approval no later than fifteen (15) days before the Final Approval Hearing, seeking entry of the Final Order and Judgment that: (a) grants Final Approval of this Agreement; (b) finally certifies the Settlement Class; (c) approves the Settlement Plan; (d) approves any award of attorneys' fees and litigation expenses; (e) finds the Class Notice adequate under Federal Rule of Civil Procedure 23 and due process; (f) dismisses the Action with prejudice; (g) enjoins Releasors from asserting or maintaining any Released Claims against any Releasee; and (h) reserves continuing jurisdiction over implementation and enforcement of this Agreement. Class Counsel shall provide Defendants with a draft of the motion at least fourteen (14) days before filing.

## ARTICLE X: MISCELLANEOUS PROVISIONS

**10.1 <u>Complete Agreement</u>.** This Agreement, together with its exhibits, constitutes the entire understanding and agreement among the Parties with respect to the Settlement and supersedes all prior or contemporaneous negotiations, agreements, commitments, and writings in connection therewith. No representation, promise, or inducement has been offered or made to induce any Party to enter into this Agreement, other than as expressly set forth herein. This Agreement may not be amended or modified except by a writing signed by authorized representatives of all Parties.

**10.2 Dispute Resolution.** The Parties agree to meet and confer in good faith to resolve any disagreements over the implementation of this Agreement. If the meet-and-confer is unsuccessful, the Parties may submit the dispute to the Court for resolution or, by mutual agreement, to mediation or binding arbitration.

**10.3 Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its principles of conflicts of laws.

**10.4 Jurisdiction.** The Court shall retain exclusive and continuing jurisdiction over the interpretation, implementation, and enforcement of this Agreement, all orders and judgments entered in connection herewith, and any dispute arising out of or relating hereto. The Parties and their counsel submit to the jurisdiction of the Court for all such purposes.

**10.5 Notices.** All notices required or permitted under this Agreement shall be in writing and shall be delivered by hand, electronic mail, or overnight courier, and shall be deemed effective upon receipt. Notices to Class Counsel shall be delivered to The Brosnahan Law Firm and Dean Thaxton LLC at the addresses set forth on the signature pages hereto. Notices to Defendants shall be delivered to Defendants' counsel of record.

**10.6 Severability.** If any provision of this Agreement is found to be illegal, invalid, or unenforceable, such finding shall not affect the validity of the remaining provisions, which shall remain in full force and effect; provided, however, that the Settlement Class definition, the releases under Article VII, the Settlement Amount, and the Conditions are critical terms upon which this Agreement rests and may not be severed.

**10.7 Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and assigns.

**10.8 Counterparts.** This Agreement may be executed in counterparts, including by electronic means (such as DocuSign or scanned signature), each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**10.9 Knowing and Voluntary.** Each Party represents that it is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance, and that it has been advised by, or had the opportunity to consult with, counsel of its own choosing.

**10.10 Authority.** Each signatory to this Agreement represents and warrants that he, she, or it has full authority to execute this Agreement on behalf of the Party for whom he, she, or it signs and to bind that Party to its terms.

**10.11 Construction.** This Agreement is the product of arm's-length negotiations among the Parties represented by counsel. The Parties agree that no rule of construction relating to interpretation against the drafter shall apply to this Agreement.

**10.12 Headings.** The headings used in this Agreement are for convenience of reference only and shall not be used to interpret or limit the terms hereof.

**10.13 No Third-Party Beneficiaries.** Except for the Releasees, no provision of this Agreement is intended to create any third-party beneficiary to this Agreement.

**10.14 Cooperation.** The Parties agree to cooperate fully and to execute any additional documents and to take any additional actions reasonably necessary to give full force and effect to the terms and intent of this Agreement.

**10.15 Waiver.** No waiver of any provision of this Agreement shall constitute a waiver of any other provision, nor shall any waiver be effective unless in writing and signed by the waiving Party.

**10.16 Extensions.** The signatories may, by written agreement, extend any deadline set forth in this Agreement that does not require Court approval.

**IN WITNESS WHEREOF**, the Parties, by and through their duly authorized representatives, have executed this Class Settlement and Release Agreement as of the Settlement Date.

CLASS REPRESENTATIVES:

______________________________ Date: 07/18/2026

**Alexander Lanz**
*Class Representative*

______________________________ Date: 07/17/2026

**Alyssa Greene**
*Class Representative*

______________________________ Date: 07/17/2026

**Shanaya Dessin**
*Class Representative*

______________________________ Date: 07/17/2026

**Vincent Leija**
*Class Representative*

DEFENDANTS:

______________________________ Date: ______________

LHNH LaVista LLC
By: Its Authorized Agent

______________________________ Date: ______________

LHNH LaVista TIC II LLC
By: Its Authorized Agent

______________________________ Date: ______________

LHNH LaVista TIC III LLC
By: Its Authorized Agent

_______________________________ Date: _____________

Silverpoint Management, LLC
By: Its Authorized Agent

_______________________________ Date: _____________

Avenium Group, LLC
By: Its Authorized Agent

**IN WITNESS WHEREOF**, the Parties, by and through their duly authorized representatives, have executed this Class Settlement and Release Agreement as of the Settlement Date.

CLASS REPRESENTATIVES:

_______________________________ Date: _____________

**Alexander Lanz**
*Class Representative*

_______________________________ Date: _____________

**Alyssa Greene**
*Class Representative*

_______________________________ Date: _____________

**Shanaya Dessin**
*Class Representative*

_______________________________ Date: _____________

**Vincent Leija**
*Class Representative*

DEFENDANTS:

_______________________________ Date: 7/21/26

LHNH LaVista LLC
By: Yakov Stein
Its: Authorized Agent

_______________________________ Date: 7/21/26

LHNH LaVista TIC II LLC
By: Yakov Stein
Its: Authorized Agent

_______________________________ Date: 7/21/26

LHNH LaVista TIC III LLC
By: Yakov Stein
Its: Authorized Agent

______________________ Date: 7/21/26

Silverpoint Management, LLC
By: Yakov Stein
Its: Authorized Agent

______________________ Date: 7/21/26

Avenium Group, LLC
By: Yakov Stein
Its: Authorized Agent

## EXHIBITS

The following exhibits are incorporated into and made a part of this Agreement:

Exhibit A — Settlement Plan

Exhibit B — Form of Notice to Residents

Exhibit C — Form of Notice to Subrogated Insurers

Exhibit D — Form of Resident Claim Form

Exhibit E — Form of Subrogated Insurer Claim Form

Exhibit F — Form of Preliminary Approval Order (Proposed)

Exhibit G — Form of Final Order and Judgment (Proposed)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **ALEXANDER LANZ, ALYSSA GREENE, SHANAYA DESSIN, and VINCENT LEIJA,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**LHNH LAVISTA LLC, LHNH LAVISTA TIC II, LLC, LHNH LAVISTA TIC III, LLC, SILVERPOINT MANAGEMENT, LLC, and AVENIUM GROUP, LLC,**<br><br>Defendants. | Case No. 1:23-cv-05344-LMM<br><br>Hon. Leigh Martin May<br><br>**EXHIBIT A** |

## CLASS SETTLEMENT PLAN

### I. Introduction and Overview

This Plan of Allocation (the "Plan") governs the distribution of the Net Settlement Fund to Authorized Claimants and Subrogated Insurers in the class action styled *Lanz, et al. v. LHNH LaVista LLC, et al.*, Case No. 1:23-cv-05344-LMM, pending in the United States District Court for the Northern District of Georgia (the "Action"). The Action arises from the fire of November 10, 2023 at The Reserve at LaVista Walk apartments, located at 1155 LaVista Road, Atlanta, Georgia (the

"Fire"). This Plan is submitted as Exhibit A to, and is governed by, the Class Settlement and Release Agreement (the "Settlement Agreement") and is subject to approval by the Court.

**Settlement Fund.** Defendants have agreed to pay a Settlement Amount of Eight Million Four Hundred Fifty Thousand Dollars ($8,450,000) into the Settlement Fund in full and complete settlement of all Released Claims, as set forth in Article III of the Settlement Agreement. After deduction of Court-approved attorneys' fees, litigation expenses, settlement-administration costs, taxes, and any opt-out reversion, the remainder constitutes the Net Settlement Fund available for distribution under this Plan. The Net Settlement Fund is estimated to be approximately $5,300,000.00.

**Two-pool architecture.** The Net Settlement Fund is divided into two pools that together pay out the entire Net Settlement Fund. A fixed Displacement Pool of One Million Three Hundred Thousand Dollars ($1,300,000) compensates Class Members for displacement, emotional distress, aggravation, and loss of use, and is shared equally among all Adult Class Members who submit a valid claim. The Property Loss Pool is the balance of the Net Settlement Fund after the Displacement Pool is set aside. The Property Loss Pool first compensates Minor Class Members and the remainder of the Property Loss Pool compensates personal property loss and

is distributed on a pro rata basis, by the value of recognized claims, among Adult Class Members and Subrogated Insurers.

**Recognized Property Loss Claims.** Each Class Member's personal property loss is determined by the Settlement Administrator based on the property losses the Class Member submits on the Court-approved Claim Form and the supporting documentation provided. Claims are evaluated against objective criteria through the review process described in Section VIII.

**Coordination of insurance and subrogation.** A Class Member's property loss claim is reduced by the insurance proceeds the Class Member received on account of the Fire (the "Insurance Offset"). The corresponding Subrogated Insurer may recover that same offset amount from the Property Loss Pool by timely filing a Recognized Subrogation Claim, so that each personal-property loss is recognized once and compensated once, whether to the Class Member, to the insurer, or split between them.

**Minor Class Members.** Each Class Member who was under the age of 18 on November 10, 2023 (a Minor Class Member) receives a flat payment of $2,500 (the Minor Payment) from the Property Loss Pool, in full and final satisfaction of all of the Minor Class Member's claims, including both displacement and property-loss damages. A parent or legal guardian submits the Claim Form on the Minor Class

Member's behalf. The Minor Payment is paid in full and is not reduced on a pro rata basis; Minor Class Members do not share in the Displacement Pool and do not submit a documented Property Loss Claim.

## II. Definitions

Capitalized terms used in this Plan and not otherwise defined have the meanings given in Article II of the Settlement Agreement. The following additional terms apply to this Plan:

**"Authorized Claimant"** means a natural-person Class Member who timely submits a valid Claim Form and is determined by the Settlement Administrator to be eligible for a Settlement Payment under this Plan. An Authorized Claimant may be an Adult Class Member or a Minor Class Member (the latter claiming through a parent or legal guardian). For the avoidance of doubt, a Subrogated Insurer is not an Authorized Claimant and does not share in the Displacement Pool.

**"Adult Class Member"** means a Class Member who was over the age of 18 on November 10, 2023. An "Adult Authorized Claimant" is an Authorized Claimant who is an Adult Class Member.

**"Minor Class Member"** means a Class Member who was under the age of 18 on November 10, 2023, who participates in the Settlement solely through a parent or legal guardian. A Minor Class Member receives only the Minor Payment and does not share in the Displacement Pool or submit a Property Loss Claim.

**"Minor Payment"** means the flat payment of $2,500 payable to each Minor Class Member from the Property Loss Pool, in full and final satisfaction of all of the Minor Class Member's claims (including displacement and property-loss damages), which payment is paid in full and is not reduced on a pro rata basis.

**"Claims Deadline"** means the date sixty (60) days after the Notice Date, which is the deadline by which Class Members must submit a Claim Form or a request for exclusion (opt-out).

**"Decision Notice"** means the notice issued by the Settlement Administrator stating the determination on each claim asserted in a Claim Form, as described in Section VIII.

**"Deficiency Notice"** means the notice issued by the Settlement Administrator identifying deficiencies in a Claim Form and the steps required to cure them, as described in Section VIII.

**"Displacement Payment"** means the per-capita payment from the Displacement Pool to each Adult Authorized Claimant, equal to the Displacement Pool divided by the total number of Adult Authorized Claimants. Minor Class Members do not receive a Displacement Payment.

**"Displacement Pool"** means the fixed sum of One Million Three Hundred Thousand Dollars ($1,300,000), allocated from the Net Settlement Fund to compensate displacement and loss of use.

**"Insurance Offset"** means, with respect to an Adult Class Member, the amount of property-insurance proceeds the Class Member received on account of the Fire (excluding any amounts paid for additional living expenses or loss of use), capped at the Class Member's gross Recognized Property Loss Claim.

**"Net Settlement Fund"** means the Settlement Fund less Court-approved attorneys' fees, litigation expenses, settlement-administration costs, taxes, and any opt-out reversion, as described in Section VI.A and Article III of the Settlement Agreement.

**"Notice Date"** means the date by which Class Notice is required to be completed under Section III, which shall be no later than thirty (30) days after entry of the Preliminary Approval Order.

**"Property Loss Pool"** means the portion of the Net Settlement Fund remaining after the Displacement Pool is allocated, i.e., the Net Settlement Fund less $1,300,000. The Property Loss Pool funds the Minor Payments in full and, thereafter, the pro rata distribution to Adult Authorized Claimants and Subrogated Insurers.

**"Pro Rata Payment Percentage"** means the percentage, calculated by the Settlement Administrator, equal to the Property Loss Pool less the aggregate of all

Minor Payments, divided by the aggregate of all Adult Authorized Claimants' Recognized Property Loss Claims and all Recognized Subrogation Claims, applied uniformly to determine the pro rata payments from the Property Loss Pool.

**"Recognized Property Loss Claim"** means an Adult Class Member's personal-property loss as determined by the Settlement Administrator from the Claim Form and supporting documentation, reduced (but not below zero) by the applicable Insurance Offset. Minor Class Members do not have a Recognized Property Loss Claim.

**"Recognized Subrogation Claim"** means a Subrogated Insurer's claim against the Property Loss Pool, equal to the property-insurance proceeds the insurer paid to a Class Member on account of the Fire (excluding any amounts paid for additional living expenses or loss of use), capped at the gross Recognized Property Loss Claim of the Class Member it insured, and validated under Section X.

**"Settlement Payment"** means a payment to an Authorized Claimant or a Subrogated Insurer from the Net Settlement Fund under this Plan.

## III. Approval Schedule and Key Dates

The following schedule governs the principal events under this Plan. All deadlines are subject to the orders of the Court and may be adjusted as provided in the Settlement Agreement and Section XV of this Plan.

| Event | Date |
|---|---|
| Class Notice completed (Notice Date) | No later than 30 days after entry of the Preliminary Approval Order |
| Claims Deadline — last day to submit a Claim Form or opt-out request | 60 days after the Notice Date |
| Settlement Administrator provides opt-out information to Defendants | Within 7 days after the opt-out deadline (Settlement Agreement § 4.5) |
| Defendants' walk-away notice (if 15 or more valid opt-outs) | Within 14 days after the opt-out deadline (Settlement Agreement §§ 3.7, 8.2) |
| Motion for Attorneys' Fees and Expenses filed | No later than 15 days before the Final Approval Hearing |
| Motion for Final Approval filed | No later than 15 days before the Final Approval Hearing |
| Final Approval Hearing | No earlier than 90 days after entry of the Preliminary Approval Order (Settlement Agreement § 9.2) |

## IV. Class Notice, Subrogation Notice, and Claim Submission

**Class Notice.** Class Notice shall be disseminated in the form and manner approved by the Court and shall be completed by the Notice Date. The Class Notice shall, at minimum, satisfy Federal Rule of Civil Procedure 23(c)(2)(B) and due process by describing the Action and the terms of the Settlement, defining the Settlement Class, explaining the right to opt out or object and the procedures and deadlines for doing so, explaining the consequences of doing nothing, and providing contact information for the Settlement Administrator and Class Counsel.

**Subrogation Notice.** The Settlement Administrator shall provide reasonable notice to known Subrogated Insurers of the Settlement and of the procedures and deadline for filing Recognized Subrogation Claims, in the form approved by the Court. The notice shall describe the consequences of failing to timely file, including forfeiture of subrogation rights against Defendants under the terms of the Final Order and Judgment, as set forth in the Settlement Agreement.

**Claim submission.** The Settlement Administrator shall maintain a secure portal on the Settlement Website through which Class Members may submit Claim Forms and supporting documentation. Class Members may also submit Claim Forms by U.S. Mail. Each natural-person Class Member may submit one Claim Form. After submission, a Class Member may use the Settlement Website to check the status of the claim, respond to notices, and update information. The Settlement Administrator shall create and maintain a confidential record of each submitted Claim Form and all supporting documentation.

## V. Eligibility Requirements

The Settlement Class consists of all natural persons who lived at The Reserve at LaVista Walk apartments on November 10, 2023, including persons over the age of 18 (Adult Class Members) and persons under the age of 18 (Minor Class Members), together with their assignees, Subrogated Insurers, and successors in interest. The Class excludes Charnelle Gunn, Robert Stokes, and any persons who

have previously settled, assigned, or litigated to final judgment their claims related to the Fire. A Minor Class Member participates in the Settlement solely through a parent or legal guardian, who submits the Claim Form on the Minor Class Member's behalf.

To be eligible for a Settlement Payment, a Class Member must timely submit a valid Claim Form and establish residency at The Reserve at LaVista Walk as of November 10, 2023 to the satisfaction of the Settlement Administrator. A Class Member who validly opts out of the Settlement Class, or who fails to timely submit a Claim Form, is not eligible for any Settlement Payment. Eligibility for the Displacement Payment depends only on a valid, residency-verified claim and is independent of whether the Adult Class Member asserts or recovers any Property Loss Claim. A Minor Class Member who submits a valid, residency-verified claim receives the Minor Payment and does not share in the Displacement Pool or submit a Property Loss Claim. Consistent with the Settlement Agreement, an opt-out submitted on behalf of a Minor Class Member generates no opt-out reversion and does not count toward the walk-away threshold.

## VI. Settlement Fund Allocation

### A. Net Settlement Fund

The Net Settlement Fund is determined by deducting the following from the Settlement Amount, in the order of priority set forth in Article III of the Settlement Agreement:

(a) the Settlement Amount of $8,450,000;

(b) less Court-approved attorneys' fees, not to exceed thirty-three and one-third percent (33⅓%) of the Settlement Amount ($2,816,667);

(c) less Court-approved litigation expenses;

(d) less Court-approved settlement-administration costs, including the fees and costs of the Settlement Administrator and the costs of Class Notice;

(e) less any taxes owed by the Settlement Fund and the reasonable costs of preparing tax returns; and

(f) less any opt-out reversion payable to Defendants, equal to $26,000 for each valid opt-out, as provided in Settlement Agreement § 3.6.

The remainder is the **Net Settlement Fund**. No service awards are payable from the Settlement Fund. Punitive, exemplary, and treble damages are not available as part of any Settlement Payment.

### B. Displacement Pool

A fixed sum of $1,300,000 is allocated from the Net Settlement Fund to the Displacement Pool. The Displacement Pool is shared equally among all Adult Authorized Claimants. Each Adult Authorized Claimant receives a Displacement Payment equal to $1,300,000 divided by the total number of Adult Authorized

Claimants. Minor Class Members and Subrogated Insurers do not share in the Displacement Pool.

**C. Minor Payments**

Each Minor Class Member who submits a valid, residency-verified claim through a parent or legal guardian receives a **Minor Payment** of $2,500 from the Property Loss Pool. The Minor Payment is paid in full and is **not** reduced on a pro rata basis, and is in full and final satisfaction of all of the Minor Class Member's claims, including both displacement and property-loss damages. The aggregate Minor Payments are paid from the Property Loss Pool before the pro rata distribution described in Section VI.E, so that the amount available for pro rata distribution to Adult Authorized Claimants and Subrogated Insurers is the Property Loss Pool less the aggregate Minor Payments. A Minor Class Member does not submit a documented Property Loss Claim and is not subject to the Insurance Offset.

**D. Property Loss Pool**

The Property Loss Pool consists of the Net Settlement Fund less the $1,300,000 Displacement Pool. From the Property Loss Pool, the Settlement Administrator first pays the Minor Payments in full; the balance is distributed by value among Adult Authorized Claimants and Subrogated Insurers on equal footing (pari passu), each sharing the same Pro Rata Payment Percentage. Because the Displacement Pool and the Minor Payments are fixed dollar amounts, the balance of

the Property Loss Pool absorbs all variability in litigation expenses, administration costs, taxes, and opt-out reversion.

**E. Pro Rata Distribution of the Property Loss Pool**

After the Minor Payments are paid in full, the Settlement Administrator shall calculate a Pro Rata Payment Percentage equal to the Property Loss Pool, less the aggregate Minor Payments, divided by the aggregate of (i) all Adult Authorized Claimants' Recognized Property Loss Claims and (ii) all Recognized Subrogation Claims. Each Adult Authorized Claimant's payment from the Property Loss Pool equals that Claimant's Recognized Property Loss Claim multiplied by the Pro Rata Payment Percentage. Each Subrogated Insurer's payment from the Property Loss Pool equals that insurer's Recognized Subrogation Claim multiplied by the same Pro Rata Payment Percentage. Adult Authorized Claimants and Subrogated Insurers receive the same Pro Rata Payment Percentage; no category is senior or junior to the other. Minor Payments are not part of this pro rata distribution and are paid in full regardless of the Pro Rata Payment Percentage.

An Adult Authorized Claimant's total Settlement Payment is the sum of the Claimant's Displacement Payment and the Claimant's payment, if any, from the pro rata distribution of the Property Loss Pool. An Adult Authorized Claimant whose Recognized Property Loss Claim nets to zero (for example, because property-insurance proceeds fully offset the loss) nevertheless receives the Displacement

Payment upon submitting a valid claim. A Minor Class Member's total Settlement Payment is the $2,500 Minor Payment.

**F. Insurance Offset**

For each Adult Class Member who received property-insurance proceeds on account of the Fire, the Settlement Administrator shall apply an Insurance Offset equal to those proceeds (excluding any amounts paid for additional living expenses or loss of use), capped at the Class Member's gross Recognized Property Loss Claim. The Class Member's Recognized Property Loss Claim is the gross amount determined by the Settlement Administrator less the Insurance Offset, and shall not be less than zero. The amount of the Insurance Offset is the measure of the corresponding Subrogated Insurer's Recognized Subrogation Claim under Section X, so that the insured loss is recognized once and is paid, at the Pro Rata Payment Percentage, to the Class Member and the insurer in the proportions in which they bore the loss. Where a Subrogated Insurer does not timely file a Recognized Subrogation Claim, the corresponding offset amount is not recognized and remains in the Property Loss Pool for distribution to the other participants. Minor Class Members do not submit Property Loss Claims and are not subject to the Insurance Offset.

## VII. Claim Types and Required Documentation

The Settlement Administrator will assess each Claim Form based on objective criteria and documentary proof. An Adult Class Member may assert a Displacement Claim, a Property Loss Claim, or both on a single Claim Form. A parent or legal guardian may assert a Minor Claim on behalf of a Minor Class Member.

### A. Displacement Claim

A Displacement Claim compensates an Adult Class Member for displacement and loss of use resulting from the Fire. Eligibility requires only verification of residency at The Reserve at LaVista Walk as of November 10, 2023; no proof of the amount of displacement loss is required, because the Displacement Payment is a uniform per-capita share of the Displacement Pool.

**Information provided by the claimant:**

(g) the Class Member's name, current contact information, and the unit number occupied as of November 10, 2023;

(h) a statement of residency at the property as of November 10, 2023; and

(i) the names of any co-residents of the same unit, to the extent known.

**Required documentary proof of residency, such as:**

(j) a lease or rental agreement, rent receipts, or a utility bill for the unit; or

(k) other reliable documentation establishing residency at the property as of November 10, 2023, as the Settlement Administrator may accept.

### B. Property Loss Claim

A Property Loss Claim compensates a Class Member for personal property lost, damaged, destroyed, stolen, or vandalized as a result of the Fire. The Class

Member states the personal-property losses on the Claim Form, and the Settlement Administrator determines the Recognized Property Loss Claim from that submission and the supporting documentation, as described in Section VIII. The losses submitted on the Claim Form, as adjusted, are the basis of the claim.

**Information provided by the claimant:**

(l) an itemized description of the personal property lost or damaged, with the claimed value of each item or category;

(m) the total claimed personal-property loss;

(n) the names of any co-residents of the same unit who may claim the same property, to the extent known; and

(o) the name of each insurer to which the Class Member submitted a property-insurance claim arising from the Fire, the policy number, and the amount of any proceeds received (identifying any portion paid for additional living expenses or loss of use).

**Required documentary proof:**

(p) documentation supporting the claimed personal-property loss, such as receipts, invoices, bank or credit-card records, photographs or video, repair or replacement estimates, or a signed itemized inventory; and

(q) documentation of any property-insurance proceeds received on account of the Fire, including the declarations or settlement statement and the amount and allocation of proceeds.

**Anti-duplication.** Where two or more Class Members residing in the same unit claim the same item of personal property, the Settlement Administrator shall allocate the recognized value to avoid duplication, so that the aggregate Recognized Property Loss Claims for a unit do not exceed the value of the property lost from that unit.

### C. Minor Claim

A Minor Claim is submitted by a parent or legal guardian on behalf of a Minor Class Member and entitles the Minor Class Member to the flat $2,500 Minor Payment in full and final satisfaction of all of the Minor Class Member's claims. Because the Minor Payment is a flat amount, no documentation of property value is required and the Settlement Administrator performs no valuation; eligibility requires verification of the Minor Class Member's residency as of November 10, 2023 and of the submitting parent's or legal guardian's authority.

**Information provided by the parent or legal guardian:**

(r) the Minor Class Member's full name and the last four digits of the Minor Class Member's Social Security number;

(s) the name, contact information, and relationship of the parent or legal guardian submitting the claim;

(t) the unit number and building in which the Minor Class Member resided on November 10, 2023; and

(u) a statement of the Minor Class Member's residency at the property as of November 10, 2023.

**Required documentary proof:**

(v) proof of the parent's or legal guardian's authority to act on behalf of the Minor Class Member (such as a birth certificate, court order, or other reliable documentation the Settlement Administrator may accept); and

(w) documentation establishing the Minor Class Member's residency at the property as of November 10, 2023, which may be established together with the residency of an Adult Class Member of the same unit.

## VIII. Claims Review and Notices

The Settlement Administrator will review Claim Forms on a rolling basis as they are received. Property Loss Claims will be adjusted by the Settlement Administrator. The Settlement Administrator will enforce the deadlines set forth in this Plan; however, the Settlement Administrator may extend a deadline at its discretion upon a showing of good cause, provided any extension is consistent with the Settlement Agreement, this Plan, and any order of the Court.

### A. Independent Adjustment and Evaluation

Following submission of a Claim Form and any supporting documentation, the Settlement Administrator shall verify residency and eligibility, and the Settlement Administrator shall evaluate each Property Loss Claim. The Settlement Administrator shall determine the gross Recognized Property Loss Claim based on the property losses submitted on the Claim Form and the sufficiency, reliability, and consistency of the supporting documentation, applying objective criteria applied uniformly across claims. The expert personal-property valuation analysis prepared in the Action is not the measure of any Recognized Property Loss Claim and does not cap any claim. The Settlement Administrator shall then apply the Insurance Offset to determine the net Recognized Property Loss Claim. For a Minor Claim, the Settlement Administrator verifies the Minor Class Member's residency and the submitting parent's or legal guardian's authority; because the Minor Payment is a flat

amount, no valuation or adjustment by the Settlement Administrator is required. Upon completion of review, the Settlement Administrator will issue either a Deficiency Notice or a Decision Notice to each Class Member.

**B. Deficiency Notice**

If one or more claims asserted in a Claim Form are found to be deficient, the Settlement Administrator shall issue a Deficiency Notice outlining the steps required to cure the deficiency. The Deficiency Notice shall reference each claim on the Claim Form and provide a status for each:

(x) **Approved** — for each approved claim, the notice states the estimated claim value;

(y) **Denied** — for each denied claim, the notice explains the reason for denial; and

(z) **Deficient** — for each deficient claim, the notice describes the deficiencies that must be resolved before the claim can be finalized.

A Class Member shall have thirty (30) days from the date of the Deficiency Notice to submit additional information or documentation to cure the identified deficiencies. After the 30-day period passes, the Settlement Administrator will review the claim and issue a Decision Notice. Failure to respond to a Deficiency Notice constitutes acceptance of the determination stated in the notice.

**C. Decision Notice**

Upon completion of review (or, where a Deficiency Notice issued, after the cure period), the Settlement Administrator will issue a Decision Notice covering all claims submitted on the Claim Form and providing a determination for each:

(a) **Approved** — for each approved claim, the notice includes the estimated claim value (the Displacement Payment basis and/or the net Recognized Property Loss Claim, as applicable); and

(b) **Denied** — for each denied claim, the notice explains the basis for denial. If a Claim Form included deficient claims that were not cured by the deficiency-response deadline, those claims will be denied.

The Decision Notice will provide the Class Member with thirty (30) days from the date of the notice to seek reconsideration. If the Class Member does not respond within that period, the Decision Notice will be deemed final.

**D. Reconsideration Review**

Within the 30-day period stated in the Decision Notice, a Class Member may submit to the Settlement Administrator a request for reconsideration if the Class Member believes the Settlement Administrator committed an error in determining the result. A request for reconsideration must state the basis for the request and may not be based on a challenge to any term of this Plan or the Settlement Agreement, but only on how the review criteria were applied to the claim. A Class Member may not submit, and the Settlement Administrator will not consider, new information or documentation that was reasonably available at the time the claim was originally

submitted, or that is submitted after the 30-day deadline. After review, the Settlement Administrator will issue a Reconsideration Decision Notice providing a final determination for each claim.

## IX. Prevention and Detection of Fraud

The Settlement Administrator and the Settlement Administrator will implement a comprehensive, multi-layered process to detect and prevent fraudulent and inflated claims. Because Recognized Property Loss Claims are based on Class Members' own submissions rather than a fixed expert valuation, the integrity of the Property Loss Pool depends on rigorous documentation review and the adjustment process; the following safeguards apply:

- All Claim Forms, whether submitted electronically or on paper, will undergo detailed validation. Paper claims will be scanned, entered into a secure system, and reviewed alongside supporting documentation.
- Electronic claims will use built-in fraud safeguards, including two-factor authentication, reCAPTCHA, login protections, and metadata analysis to flag suspicious activity.
- The Settlement Administrator will evaluate claimed personal-property losses against the supporting documentation and objective criteria, will apply audit triggers and statistical sampling, and will request additional documentation

through the Deficiency Notice process where a claimed loss is unsupported, internally inconsistent, or anomalous relative to comparable claims.

- Duplicate submissions, including duplicative claims to the same property by co-residents, will be identified through automated and manual review and resolved under the anti-duplication rule in Section VII.B.
- Supporting documents will be vetted for authenticity and relevance, and the Settlement Administrator will analyze factors such as email-address legitimacy, payment-method patterns, and IP-address data. Anomalous or inconsistent claims will be escalated for additional internal and legal review.

The submission of a fraudulent claim may violate the criminal laws of the United States or the State of Georgia and may subject those responsible to criminal prosecution. A Class Member or Subrogated Insurer determined to have submitted a fraudulent claim or fraudulent supporting documentation will be required to return all payments received and may be referred by the Settlement Administrator or the Court to law enforcement.

**X. Recognized Subrogation Claims**

A Subrogated Insurer may recover from the Property Loss Pool by timely filing a Recognized Subrogation Claim in accordance with this Section and Article

V of the Settlement Agreement. The Settlement Administrator shall administer the subrogation process as follows:

(a) **Deadline.** A Subrogated Insurer must file its Recognized Subrogation Claim by the Claims Deadline, unless the Court approves a different date in the Subrogation Notice.

(b) **Documentation.** The insurer must identify each Class Member it insured, the policy number, the amount of property-insurance proceeds paid on account of the Fire (separately identifying any amounts paid for additional living expenses or loss of use, which are excluded), and proof of payment.

(c) **Calculation.** The Recognized Subrogation Claim equals the property-insurance proceeds the insurer paid to the Class Member on account of the Fire (excluding additional living expenses and loss of use), capped at the gross Recognized Property Loss Claim of that Class Member. This amount equals the Insurance Offset applied to the Class Member's claim under Section VI.E, coordinating the two so that the insured loss is recognized once.

(d) **Validation and disputes.** The Settlement Administrator, with the assistance of the Settlement Administrator as needed, will validate each Recognized Subrogation Claim against the corresponding Class Member's

records and the insurer's documentation, and will resolve disputed or inconsistent claims through a process substantially similar to the deficiency, decision, and reconsideration process in Section VIII.

(e) **Consequences of failing to file.** A Subrogated Insurer that does not timely file a Recognized Subrogation Claim forfeits its right to payment from the Settlement Fund, and the corresponding offset amount remains in the Property Loss Pool for distribution to the other participants. Such insurer is otherwise bound by the release and bar set forth in the Settlement Agreement and the Final Order and Judgment.

(f) **Payment and release.** Each participating Subrogated Insurer is paid its Recognized Subrogation Claim multiplied by the Pro Rata Payment Percentage, on the same basis and timing as Authorized Claimants. As a condition of payment, the insurer releases all subrogation rights against the Defendants and against any Class Member or Authorized Claimant on account of the claims for which payment was received, as provided in Settlement Agreement § 5.2.

## XI. Timing and Distribution of Settlement Payments

### A. Pro Rata Payment Percentage and Method

Within sixty (60) days of the Effective Date, the Settlement Administrator shall pay the Minor Payments in full, calculate the Pro Rata Payment Percentage on

the balance of the Property Loss Pool, and begin issuing the remaining Settlement Payments. Each Minor Class Member shall be paid the $2,500 Minor Payment in full. Each Adult Authorized Claimant shall be paid the sum of the Displacement Payment and the product of the Claimant's Recognized Property Loss Claim and the Pro Rata Payment Percentage. Each Subrogated Insurer shall be paid the product of its Recognized Subrogation Claim and the Pro Rata Payment Percentage. A Minor Class Member's Minor Payment shall be delivered to the parent or legal guardian on the Minor Class Member's behalf, subject to any further direction of the Court. Payments shall be made by check or other approved method, in accordance with the Settlement Agreement and the orders of the Court.

**B. Holdback**

The Settlement Administrator may reserve a reasonable holdback from the Net Settlement Fund as necessary to satisfy unresolved liens, disputed claims, taxes, and administration costs. Any unspent holdback will be deposited in the Net Settlement Fund and distributed to Authorized Claimants and Subrogated Insurers in proportion to their pro rata shares.

**C. Reallocation of Residual Amount**

Any residual funds remaining in the Net Settlement Fund after distribution will first be redistributed to Authorized Claimants and Subrogated Insurers in proportion to their pro rata shares of the recovery, to the extent economically

practicable. If any residual funds remain thereafter, and a further distribution is not economically practicable, Class Counsel may request that the Court direct the residual to an appropriate cy pres recipient consistent with the objectives of the Action and the interests of the Class.

### D. No De Minimis Distributions

Notwithstanding any other provision of this Plan, no payment will be made to any Authorized Claimant or Subrogated Insurer if the Settlement Administrator determines that the cost of distribution is impracticable, including because the cost is disproportionate to the amount of the distribution.

### E. Taxes

The Settlement Fund shall be administered as a qualified settlement fund, and the Settlement Administrator shall be responsible for all tax filings, withholdings, and reporting obligations, as set forth in Article III of the Settlement Agreement. Authorized Claimants and Subrogated Insurers are solely responsible for any taxes owed on their Settlement Payments. The Settlement Administrator shall issue IRS Form 1099 or other applicable tax forms as required by law. Neither Defendants nor Class Counsel makes any representation regarding the tax treatment of any payment.

## XII. Confidentiality of Claims Information

All personal information, facts, and documents submitted to the Settlement Fund by or concerning any Class Member, Authorized Claimant, Subrogated

Insurer, or claim will be treated as confidential and will be disclosed only: (a) to Class Counsel and the Settlement Administrator, as needed to process and pay claims; (b) to the Defendants, to the extent necessary to fulfill reporting obligations set forth in the Settlement Agreement; or (c) as required by applicable law, ethical obligations, or legitimate business purposes related to the administration of the Settlement Fund.

## XIII. Reporting

Within sixty (60) days after the distribution of substantially all of the Settlement Fund, the Settlement Administrator will provide a final report to the Court, Defendants, and Class Counsel regarding the administration of the Settlement, including: the number of Authorized Claimants and Subrogated Insurers who received Settlement Payments, and the number of claimants found not to qualify; the monetary amounts paid; the amounts paid from the Displacement Pool and the Property Loss Pool and the Pro Rata Payment Percentage applied; administrative and adjustment costs incurred and projected; the monies remaining in the Net Settlement Fund; and any other information requested by the Court.

## XIV. Miscellaneous Matters

### A. Amendments

The Settlement Administrator may adopt amendments to this Plan and to any claim-assessment procedures as are necessary for efficient administration, provided

that no such amendment may alter the material substantive rights of Class Members, Subrogated Insurers, or Defendants, or conflict with the Settlement Agreement or any order of the Court. The Settlement Administrator may modify online forms and materials as needed to promote utility, efficiency, and clarity, provided no such modification conflicts with any substantive provision of this Plan, the Settlement Agreement, or any order of the Court.

**B. Authority**

In carrying out their responsibilities under this Plan, the Settlement Administration will act with the authority granted under the terms of the Preliminary Approval Order, the Settlement Agreement, this Plan, and the orders of the Court.

**C. No Admission**

This Plan, and any proceeding or determination under it, shall not constitute, and shall not be construed as, an admission by any Defendant or Releasee of any liability, fault, or wrongdoing, or of the value of any claim, consistent with Article VI of the Settlement Agreement.

**D. Approval of Minor Compromises**

The compromise and release of the claims of each Minor Class Member, effected through a parent or legal guardian, shall be approved by the Court in the Final Order and Judgment. The Minor Payment shall be delivered to the parent or legal guardian on the Minor Class Member's behalf, subject to any further direction of the Court regarding the disbursement of a minor's funds under Georgia law.

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA**

*Lanz, et al. v. LHNH LaVista LLC, et al., No. 1:23-cv-05344-LMM*

# If you lived at The Reserve at LaVista Walk apartments as of the fire on November 10, 2023, a class action settlement may affect your rights.

A federal court authorized this notice. This is not a solicitation from a lawyer.

**A settlement** has been reached in a class action lawsuit about the November 10, 2023 fire at The Reserve at LaVista Walk apartments, 1155 LaVista Road, Atlanta, Georgia (the "Fire"). The lawsuit claims the Defendants are responsible for the Fire and resulting losses. The Defendants deny any wrongdoing. The Court has not decided who is right.

Your legal rights are affected whether you act or not. Please read this notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **Submit a Claim Form** | This is the only way to receive a payment from the settlement fund. Deadline: [DATE]. |
| **Exclude yourself (opt out)** | Receive no payment from the settlement fund, but keep any right to sue the Defendants separately about the Fire. Deadline: [DATE]. |
| **Object** | Write to the Court about why you do not like the settlement. You must still submit a Claim Form to be paid. Deadline: [DATE]. |
| **Go to the hearing** | Ask to speak in Court about the fairness of the settlement at the Final Approval Hearing on [DATE]. |
| **Do nothing** | Receive no payment and give up your right to sue the Defendants about the Fire. |

*These rights and options and the deadlines to exercise them are explained in this notice. The Court still must decide whether to approve the settlement. Payments will be made only if the Court approves the settlement and after any appeals are resolved.*

## BASIC INFORMATION

### 1. Why did I get this notice?

Records indicate you may have lived at The Reserve at LaVista Walk on November 10, 2023. This notice explains that a court-approved settlement may affect your rights. You have legal options before the Court decides whether to approve the settlement.

### 2. What is this lawsuit about?

The lawsuit, Lanz, et al. v. LHNH LaVista LLC, et al., claims that the Defendants — LHNH LaVista LLC, LHNH LaVista TIC II, LLC, LHNH LaVista TIC III, LLC, Silverpoint Management, LLC, and Avenium Group, LLC — are responsible for the Fire and the losses residents suffered, including displacement and lost or damaged personal property. The Defendants deny the claims and any liability.

### 3. Why is this a class action and why is there a settlement?

In a class action, one or more people called Class Representatives sue on behalf of a group of people with similar claims. Here, the Class Representatives are Alexander Lanz, Alyssa Greene, Shanaya Dessin, and

Vincent Leija. The Court has not decided in favor of either side. Instead, both sides agreed to a settlement to avoid the cost and risk of further litigation and to provide payments to residents.

## WHO IS INCLUDED IN THE SETTLEMENT

### 4. Am I part of the Settlement Class?

The Settlement Class includes all natural persons who lived at The Reserve at LaVista Walk on November 10, 2023, including both adults (18 or older) and minor children (under 18). It also includes their assignees, subrogated insurers, and successors.

### 5. Are there exceptions to being included?

Yes. The Class does not include Charnelle Gunn, Robert Stokes, or anyone who already settled, assigned, or obtained a final judgment on their claims related to the Fire.

### 6. What about my children?

Children who were under 18 on November 10, 2023 and lived at the property are included. A parent or legal guardian may make a claim for each child using the same Claim Form. Each eligible child receives a flat $2,500 payment, which covers all of the child's claims.

## THE SETTLEMENT BENEFITS — WHAT YOU CAN GET

### 7. What does the settlement provide?

The Defendants will pay $8,450,000 into a settlement fund. After the Court-approved attorneys' fees, litigation expenses, settlement-administration costs, taxes, and any opt-out amounts are deducted, the remaining "Net Settlement Fund" is divided into two parts: a $1,300,000 Displacement Pool and a Property Loss Pool (the rest of the Net Settlement Fund).

### 8. How much is the Displacement Payment?

Every adult Class Member who submits a valid claim and verifies residency shares the $1,300,000 Displacement Pool equally. The amount each adult receives depends on how many adults file valid claims — the pool is divided equally among them. Children do not receive a separate displacement payment (their $2,500 already covers displacement).

### 9. How much is the Property Loss Payment?

If you lost or damaged personal property because of the Fire, you may submit a Property Loss Claim. The settlement administrator adjuster will review your claim and the documents you provide and determine a recognized amount. If you received insurance for that property, your recognized amount is reduced by the insurance you received. The Property Loss Pool is then shared in proportion to each person's recognized amount, so the exact percentage depends on the total of all valid claims.

### 10. How much do children receive?

Each eligible child receives a flat $2,500, paid in full and not reduced, in full and final satisfaction of all of the child's claims (both displacement and property loss). A parent or legal guardian claims this on the child's behalf.

### 11. When will payments be made?

Payments will be made only after the Court grants final approval, any appeals are resolved, and the claims are processed. This can take time. Keep your contact information current with the Settlement Administrator.

## HOW TO GET A PAYMENT

### 12. How do I make a claim?

You must complete and submit a Claim Form by the Claims Deadline, [DATE]. You can submit online at www.LaVistaFireSettlement.com, by e-mail to info@lavistafiresettlement.com, or by mail to Simpluris, PO Box 25191, Santa Ana, CA 92799. The Claim Form asks for your unit number, the last four digits of your Social Security number, information about your losses and any insurance, and a signed statement that you lived at the property on the date of the Fire and that your information is true.

### 13. What if my claim is incomplete?

The Settlement Administrator will notify you of any deficiency and give you 30 days to fix it. You will receive a decision on your claim, and you may ask for reconsideration within 30 days if you believe an error was made.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I opt out?

To exclude yourself, send a written request for exclusion to the Settlement Administrator that includes your name, address, and a statement that you want to be excluded from the settlement in Lanz v. LHNH LaVista LLC. It must be postmarked or e-mailed by [DATE]. If you exclude yourself, you will not receive a payment, but you keep any right to sue the Defendants separately about the Fire.

Settlement Administrator:
Simpluris, Inc.
PO Box 25191
Santa Ana, CA 92799
info@lavistafiresettlement.com

### 15. If I opt out, can I still get a payment from the settlement?

No. You cannot both exclude yourself and receive a payment from the settlement.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer?

The Court appointed The Brosnahan Law Firm, Dean Thaxton LLC, and Epps Holloway DeLoach & Hoipkemier, LLC as Class Counsel to represent the Settlement Class. You will not be charged for these lawyers. You may hire your own lawyer at your own expense.

### 17. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees of up to 33⅓% of the settlement fund, plus litigation expenses, to be paid from the fund. The Court will decide the amount of fees and expenses.

## OBJECTING TO THE SETTLEMENT

### 18. How do I tell the Court I do not like the settlement?

If you are a Class Member and do not exclude yourself, you may object to the settlement in writing. Your objection must include a statement of class membership with unit number; the basis for your objection; any supporting documents; each instance you or your counsel objected to a class settlement in the last five years; state whether you intend to appear at the final approval hearing; and be signed by you. You must file your objection with the Court and serve it on Class Counsel by [DATE].

### 19. What is the difference between objecting and excluding myself?

Objecting tells the Court you think the settlement is unfair; you remain in the Class and can still receive a payment if you submit a Claim Form. Excluding yourself removes you from the Class entirely; you give up any payment but keep your own right to sue.

## THE COURT'S FINAL APPROVAL HEARING

### 20. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing on [DATE] at [TIME] at the United States District Court for the Northern District of Georgia, [Courthouse Address], before the Honorable Leigh Martin May. At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate, and will consider Class Counsel's request for fees and expenses. The hearing may be moved or held remotely; check the Settlement Website for updates.

### 21. Do I have to attend, and may I speak?

You do not have to attend. You may attend at your own expense. If you filed a timely objection, you may ask to speak at the hearing. You do not need to hire a lawyer in order to attend the hearing but if you choose to hire a lawyer you are responsible for paying them.

## IF YOU DO NOTHING / MORE INFORMATION

### 22. What happens if I do nothing?

If you do nothing, you will not receive a payment, and you will give up your right to sue the Defendants and the released parties about the claims resolved by the settlement, as described in the settlement agreement.

### 23. How do I get more information?

This notice summarizes the settlement. The complete Class Settlement and Release Agreement, the Settlement Plan, the Claim Form, and other documents related to the lawsuit and the settlement are available at www.LaVistaFireSettlement.com, or call the toll-free helpline at [number] or email info@lavistafiresettlement.com. Please do not contact the Court or the Defendants for information about the settlement.

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA**

*Lanz, et al. v. LHNH LaVista LLC, et al., No. 1:23-cv-05344-LMM*

# NOTICE TO SUBROGATED INSURERS OF PROPOSED CLASS ACTION SETTLEMENT

A federal court authorized this notice.

This notice is directed to any insurer that paid property-insurance proceeds to a resident of The Reserve at LaVista Walk on account of the November 10, 2023 fire (the "Fire") and that holds subrogation or assignment rights (a "Subrogated Insurer"). A class action settlement has been reached in Lanz, et al. v. LHNH LaVista LLC, et al., No. 1:23-cv-05344-LMM, pending before the Honorable Leigh Martin May. Your rights to recover from the settlement are affected, and there is a deadline to act.

## 1. THE ACTION AND THE SETTLEMENT

The lawsuit alleges that the Defendants — LHNH LaVista LLC, LHNH LaVista TIC II, LLC, LHNH LaVista TIC III, LLC, Silverpoint Management, LLC, and Avenium Group, LLC — are responsible for the Fire and resulting losses to residents. The Defendants deny liability. To resolve the matter, the Defendants have agreed to pay $8,450,000 into a settlement fund, to be distributed under a Court-approved Plan of Allocation. The Defendants deny any wrongdoing, and the Court has not ruled on the merits.

## 2. SUBROGATED INSURERS ARE PART OF THE CLASS

The Settlement Class includes Subrogated Insurers. As a Subrogated Insurer, you may recover from the settlement by filing a Recognized Subrogation Claim for property-insurance proceeds you paid to a resident on account of the Fire. Recognized Subrogation Claims are paid on equal footing with residents' property-loss claims.

## 3. HOW A RECOGNIZED SUBROGATION CLAIM IS CALCULATED AND PAID

Your Recognized Subrogation Claim for each insured resident equals the property-insurance proceeds you paid to that resident on account of the Fire for personal-property loss (excluding any amounts paid for additional living expenses or loss of use) capped at that resident's recognized property-loss amount. The actual payment depends on the total of all valid claims.

## 4. HOW AND WHEN TO FILE

To recover, you must complete and submit the Subrogation Claim Form, together with all supporting documentation, by the Claims Deadline, [DATE], which is 60 days after the date of this notice. You may submit online at www.LaVistaFireSettlement.com or by mail to Simpluris, PO Box 25191, Santa Ana, CA 92799. The form requires you to identify each insured resident, the policy number, the personal-property proceeds paid (stated separately from any additional-living-expense or loss-of-use amounts), and proof of payment and of your subrogation or assignment rights. The Settlement Administrator will validate each claim and may issue a deficiency, decision, or reconsideration notice.

## 5. CONSEQUENCES OF NOT FILING

If you do not timely file a Subrogation Claim Form, you will forfeit any right to payment from the settlement fund, and the corresponding amount will remain in the Property Loss Pool for the other participants. You will remain bound by the release and bar set forth in the Final Order and Judgment to the same extent as other Class Members.

## 6. RELEASE REQUIRED AS A CONDITION OF PAYMENT

As a condition of receiving payment, and effective upon payment, you will release all subrogation and reimbursement rights you have or may have against the Defendants and the released parties, and against any Class Member or claimant, on account of the proceeds for which payment is made, as provided in Section 5.2 of the Class Settlement and Release Agreement.

## 7. YOUR OTHER OPTIONS

Instead of filing a claim, you may exclude yourself from the Settlement Class (opt out) by submitting a written request for exclusion by [DATE], in which case you keep any separate rights but receive nothing from the settlement. You may also object to the settlement in writing, stating the case name and number, your identity, and the basis for the objection, by [DATE]. The Court will hold a Final Approval Hearing on [DATE] at [TIME] to consider whether the settlement is fair, reasonable, and adequate; you may appear at your own expense.

## 8. MORE INFORMATION

This notice summarizes the settlement. The complete Class Settlement and Release Agreement, the Plan of Allocation, and the Subrogation Claim Form are available at www.LaVistaFireSettlement.com. You may also contact the Settlement Administrator by e-mail at info@lavistafiresettlement.com, or Class Counsel:

Ken Brosnahan
The Brosnahan Law Firm
kwb@brosnahan-law.com

Douglas Dean,
Dean Thaxton LLC
doug@deanthaxton.com

Adam Hoipkemier
Epps Holloway DeLoach & Hoipkemier, LLC
adam@ehdhlaw.com

Please do not contact the Court or the Defendants.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **ALEXANDER LANZ, ALYSSA GREENE, SHANAYA DESSIN, and VINCENT LEIJA,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**LHNH LAVISTA LLC, LHNH LAVISTA TIC II, LLC, LHNH LAVISTA TIC III, LLC, SILVERPOINT MANAGEMENT, LLC, and AVENIUM GROUP, LLC,**<br><br>Defendants. | Case No. 1:23-cv-05344-LMM<br><br>Hon. Leigh Martin May<br><br>**EXHIBIT D** |

# CLAIM FORM

*The Reserve at LaVista Walk Fire Class Settlement*

> **To receive a payment from this Settlement, you must submit a completed Claim Form by the Claims Deadline:** [DATE — 60 days after the Notice Date].
>
> **Submit online:** www.LaVistaFireSettlement.com. **Submit by mail:** LaVista Walk Fire Settlement, c/o Simpluris, PO Box 25191, Santa Ana, CA 92799.
>
> One Claim Form per Class Member. A parent or legal guardian may use a single Claim Form to claim for themselves and for minor children in their household (Part 6). Questions: email the Settlement Administrator at info@lavistafiresettlement.com.

## Part 1. Claimant Information

Complete this Part if you were **18 or older** on November 10, 2023. **Each adult co-resident should submit a separate Claim Form to be entitled to payment from the Displacement Pool.**

| | |
|---|---|
| **Full legal name** | |
| **Last four digits of SSN** | XXX-XX-____ |
| **Current mailing address** | |
| **Email address / Telephone number** | |
| **Unit number on Nov. 10, 2023** | |

**Preferred method of payment:** ☐ Check by mail ☐ ACH / direct deposit (the Administrator will request account details securely)

## Part 2. Proof of Residency

Your residency at The Reserve at LaVista Walk on November 10, 2023 must be verified. If your name appears in the property's leasing records, no further proof may be required. Otherwise, attach one or more of the following (check all that you are providing):

☐ Lease or rental agreement

☐ Rent receipt or ledger

☐ Utility bill for the unit

☐ Other reliable documentation: ______________________________________________

## Part 3. Displacement Claim

**Each adult co-resident should submit a separate Claim Form to be entitled to payment from the Displacement Pool.** Every Adult Class Member who submits a valid, residency-verified claim will receive the same compensation from the settlement fund for displacement damages (inconvenience, mental distress, and the additional cost of obtaining new housing). No documentation of the amount of your displacement loss is required.

## Part 4. Property Loss Claim

Complete this Part if you are claiming for personal property lost, damaged, destroyed, stolen, or vandalized as a result of the Fire. List your items or categories below and state the value you are claiming. The settlement administrator will review your submission and determine your recognized property-loss amount; the settlement administrator's determination is not limited to any expert valuation. **Attach your supporting documentation and use additional sheets to list property if necessary.**

| Item / category | Description | Approx. purchase / acquisition date | Claimed value ($) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Item / category | Description | Approx. purchase / acquisition date | Claimed value ($) |
|---|---|---|---|
| | | **Total claimed personal-property loss** | |

Supporting documentation provided (check all that apply):

☐ Receipts, invoices, or bank/credit-card records

☐ Photographs or video of the property

☐ Repair or replacement estimates

☐ Signed itemized inventory

☐ Other: ____________________________________________

## Part 5. Insurance Disclosure

You must disclose any property insurance you held and any proceeds you received. This information is required for a Property Loss Claim.

**Did you have renters' or property insurance covering personal property on November 10, 2023?**
☐ Yes ☐ No

If yes, provide the following:

| | |
|---|---|
| **Insurance carrier** | |
| **Policy number** | |
| **Total proceeds received ($)** | |
| **Amount allocated to personal property ($)** | |
| **Amount allocated to additional living expenses / loss of use ($)** | |

☐ I authorize the Settlement Administrator to verify the foregoing insurance information directly with my carrier.

## Part 6. Claim on Behalf of Minor Children

Complete this Part to claim on behalf of any child who was **under the age of 18** on November 10, 2023 and resided at The Reserve at LaVista Walk. Each eligible Minor Class Member receives a **flat payment of $2,500**, which covers all of the minor's displacement and property-loss claims. You must be the minor's parent or legal guardian.

| Minor's full name | Last four of SSN | Building / unit | Your relationship to the minor |
|---|---|---|---|
| | | | |
| | | | |

| Minor's full name | Last four of SSN | Building / unit | Your relationship to the minor |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## Part 7. Co-Residents

List all other persons who resided in your unit on November 10, 2023. This helps the settlement administrator avoid duplicate claims for the same property and confirm residency.

| Full name | Adult or minor |
|---|---|
| | |
| | |
| | |
| | |

## Part 8. Attestation and Signature

I declare under penalty of perjury under the laws of the United States and the State of Georgia that:

1. I resided at The Reserve at LaVista Walk, 1155 LaVista Road, Atlanta, Georgia, on November 10, 2023, the date of the Fire;
2. the information provided in this Claim Form, and in all documentation submitted with it, is true, complete, and correct;
3. I have not sought or received duplicate recovery for the same loss, except as disclosed in Part 5;
4. for any minor children listed in Part 6, I am the parent or legal guardian authorized to submit this claim on the minor's behalf; and
5. I authorize the Settlement Administrator to verify the information in this Claim Form as necessary to process it.

*I understand that a knowing misrepresentation in this Claim Form may result in disallowance of my entire claim, recovery of any payment made, and referral to law enforcement for criminal prosecution.*

Signature　　　　　　　　　　Date

Printed name　　　　　　　　　　Capacity (self / parent / legal guardian)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **ALEXANDER LANZ, ALYSSA GREENE, SHANAYA DESSIN, and VINCENT LEIJA,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**LHNH LAVISTA LLC, LHNH LAVISTA TIC II, LLC, LHNH LAVISTA TIC III, LLC, SILVERPOINT MANAGEMENT, LLC, and AVENIUM GROUP, LLC,**<br><br>Defendants. | Case No. 1:23-cv-05344-LMM<br><br>Hon. Leigh Martin May<br><br>**EXHIBIT E** |

# SUBROGATION CLAIM FORM

*The Reserve at LaVista Walk Fire Class Settlement*

**For Subrogated Insurers only.** This form is for an insurer asserting a subrogation claim for insurance proceeds it paid to a Class Member on account of the fire on November 10, 2023 at The Reserve at LaVista Walk apartment complex in Atlanta, Georgia. To recover from the Settlement, you must submit this form and all supporting documentation by the Claims Deadline: **[DATE — 60 days after the Notice Date].**

**Submit online:** www.LaVistaFireSettlement.com. **Submit by mail:** LaVista Walk Fire Settlement, c/o Simpluris, PO Box 25191, Santa Ana, CA 92799.

*A Subrogated Insurer that does not timely file forfeits its right to payment from the Settlement Fund. The insurer remains bound by the release and bar in the Final Order and Judgment.*

## Part 1. Subrogated Insurer Information

| | |
|---|---|
| **Legal name of Subrogated Insurer** | |
| **Taxpayer identification number (EIN)** | |
| **Mailing address** | |
| **City / State / ZIP** | |
| **Authorized representative (name & title)** | |

| | |
|---|---|
| **Email address** | |
| **Telephone number** | |
| **Counsel, if any (name & firm)** | |
| **Remittance instructions (payee / ACH)** | |

## Part 2. Schedule of Subrogation Claims

List each Class Member to whom you paid property-insurance proceeds on account of the Fire. State the proceeds paid for **personal property** separately from any amounts paid for **additional living expenses (ALE) or loss of use, which are excluded**. Your claimed amount for each Class Member is the personal-property proceeds paid, and will be recognized up to that Class Member's gross recognized property-loss amount. Attach additional sheets in the same format if needed.

| Insured Class Member | Bldg / unit | Policy number | PP proceeds paid ($) | ALE / loss-of-use paid ($) (excluded) | Subrogation amount claimed ($) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | **Total subrogation amount claimed** | | |

## Part 3. Supporting Documentation

Attach the following for each Class Member listed in Part 2 (check all that you are providing):

☐ Proof of payment (claim settlement statement, payment ledger, or copies of checks / EFT records)

☐ Documentation separating personal-property proceeds from ALE / loss-of-use proceeds

☐ Documentation of the insurer's subrogation or assignment rights

☐ Other: ______________________________________________

## Part 4. How the Subrogation Claim Is Calculated and Paid

Your Recognized Subrogation Claim for each Class Member is the property-insurance proceeds you paid (excluding ALE and loss of use), capped at that Class Member's gross recognized property-loss amount. The Settlement Administrator will validate your claim against the Class Member's records and may issue a deficiency, decision, or reconsideration notice as provided in the Settlement Plan.

## Part 5. Release and Forfeiture Acknowledgment

As a condition of receiving payment, and effective upon payment, the Subrogated Insurer releases all subrogation and reimbursement rights it has or may have against the Defendants and Released Parties, and against any Class Member or Authorized Claimant, on account of the proceeds for which payment is made. A Subrogated Insurer that does not timely file this form forfeits any payment from the Settlement Fund and remains bound by the release and bar in the Settlement Agreement and the Final Order and Judgment.

## Part 6. Attestation and Signature

I declare under penalty of perjury under the laws of the United States and the State of Georgia that:

1. I am authorized to submit this Subrogation Claim Form on behalf of the Subrogated Insurer named in Part 1;
2. the amounts claimed are property-insurance proceeds actually paid to the identified Class Member(s) on account of the Fire for personal-property loss, and exclude any amounts paid for additional living expenses or loss of use;
3. the Subrogated Insurer holds valid and enforceable subrogation or assignment rights for the amounts claimed;
4. the information and documentation submitted are true, complete, and correct; and
5. the Subrogated Insurer has not received and will not seek duplicate recovery for the amounts claimed.

*I understand that a knowing misrepresentation in this form may result in disallowance of the claim, recovery of any payment made, and referral to law enforcement for criminal prosecution.*

| Signature of authorized representative | Date |
|---|---|
| Printed name and title | Name of Insurer |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ALEXANDER LANZ, ALYSSA GREENE, SHANAYA DESSIN, and VINCENT LEIJA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LHNH LAVISTA LLC; LHNH LAVISTA TIC II, LLC; LHNH LAVISTA TIC III, LLC; SILVERPOINT MANAGEMENT, LLC; and AVENIUM GROUP, LLC,<br><br>Defendants. | Civil Action No.<br>**1:23-cv-05344-LMM** |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES, AND DIRECTING NOTICE**

Before the Court is Plaintiffs' Unopposed Motion to Certify Settlement Class and for Preliminary Approval of Class Action Settlement (the "Motion"), filed by Plaintiffs Alexander Lanz, Alyssa Greene, Shanaya Dessin, and Vincent Leija ("Plaintiffs"). Plaintiffs and Defendants LHNH LaVista LLC, LHNH LaVista TIC II, LLC, LHNH LaVista TIC III, LLC, Silverpoint Management, LLC, and Avenium Group, LLC ("Defendants") have entered into a Class Settlement and Release

Agreement, dated July 2026 (the "Settlement Agreement"). Having thoroughly reviewed the Settlement Agreement, including the exhibits thereto; the Motion, including the proposed forms of notice and other exhibits thereto; and the papers and arguments in connection therewith, and good cause appearing, the Court hereby **ORDERS** as follows:

1. The capitalized terms used in this Order have the same meaning as defined in the Settlement Agreement, unless otherwise defined herein.

2. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein. The Court does not address or make findings as to whether the Settlement Class may be certified for any purpose other than effectuating the proposed settlement. For settlement purposes only, the Court preliminarily finds that the proposed Settlement Class, as defined in the Settlement Agreement, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) as follows:

   a. The Settlement Class is so numerous that joinder of all members in a single proceeding would be impracticable;

   b. The members of the Settlement Class share common questions of law and fact;

   c. The Plaintiffs' claims are typical of those of the Settlement Class Members;

d. The Plaintiffs and Class Counsel have fairly and adequately protected the interests of the Settlement Class and will continue to do so; and

e. Questions of law and fact common to the Settlement Class predominate over the questions affecting only individual Settlement Class Members, and certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy.

3. The Court preliminarily finds that the proposed settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, entered into in good faith, and free from collusion. The Court further finds that Class Counsel have ably represented the proposed Settlement Class. They conducted a thorough investigation of the facts and law, are knowledgeable of the strengths and weaknesses of the case, and engaged in an arm's-length settlement negotiation process. The involvement of experienced and well-respected mediator Charlie McDaniel in the negotiation process, including a full-day mediation session and additional settlement discussions facilitated by Mr. McDaniel, supports the Court's finding that the Settlement Agreement was reached at arm's length and is free from collusion. The relief provided for in the Settlement Agreement, together with the substantial costs, delay, and risks presented by further litigation of the issues during pre-trial, trial, and possible appeal, also support the fairness, reasonableness, and adequacy of the settlement. Based on these factors, and consistent with Federal Rule of Civil

Procedure 23(e)(2), the Court concludes that the proposed settlement meets the criteria for preliminary settlement approval and is fair, reasonable, and adequate, such that notice to the Settlement Class is appropriate.

4. The Court appoints Kenneth Brosnahan and Linda Brosnahan of The Brosnahan Law Firm; Douglas Dean of Dean Thaxton LLC; and Adam Hoipkemier of Epps Holloway DeLoach & Hoipkemier, LLC as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

5. The Court appoints Alexander Lanz, Alyssa Greene, Shanaya Dessin, and Vincent Leija as Class Representatives for the Settlement Class.

6. A Final Approval Hearing shall be held before this Court at the date and time set forth below to: (a) determine whether the proposed settlement should be finally approved pursuant to Federal Rule of Civil Procedure 23(e); (b) consider any timely objections to the settlement and the Parties' responses to such objections; (c) rule on Class Counsel's application for attorneys' fees and expenses; and (d) determine whether the Settlement Plan should be approved.

7. The Court recognizes that the certification of the Settlement Class is for settlement purposes only. Defendants' agreement to a class settlement and lack of opposition to class certification for purposes of the proposed settlement shall not be deemed admissible in this or any other proceeding except to enforce or interpret the

Settlement Agreement, and is without prejudice to Defendants' right to oppose class certification should the proposed settlement not become final.

8. Consideration of any application by Class Counsel for attorneys' fees and expenses, and any objections thereto, shall be separate from consideration of whether the proposed settlement should be approved, and the Court's rulings on each motion or application shall be embodied in a separate order or orders.

9. Plaintiffs shall file their motion for final approval of the settlement, and Class Counsel shall file any application for attorneys' fees and expenses, no later than fifteen (15) days before the Final Approval Hearing. The Final Approval Hearing shall not occur earlier than ninety (90) days after entry of this Order, and not sooner than either (a) the time for any Defendant to exercise a termination right under Article VIII of the Settlement Agreement passes without any Defendant exercising such right, or (b) each and every Defendant entitled to a termination right under that Section declines, in writing, to exercise such right. For the avoidance of doubt, nothing in this Order alters or eliminates any termination right any party to the Settlement Agreement has, or will continue to have, on or after preliminary or final approval.

10. With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement Agreement, all proceedings in this Action are stayed pending the Final Approval Hearing. Pending

final approval, all members of the Settlement Class who have not timely opted out are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims that would be released under the Settlement Agreement. If the Settlement Agreement is terminated pursuant to its terms, this stay shall terminate fourteen (14) days after such termination.

11. The Court appoints Simpluris, Inc. as the Settlement Administrator in this Action. In accordance with the Parties' Settlement Agreement and the Orders of this Court, the Settlement Administrator shall effectuate the provision of notice to Settlement Class Members and Subrogated Insurers and shall administer the Settlement Agreement and the claims and distribution process under the Settlement Plan.

12. The Court finds that the Parties' plan for providing notice to the Settlement Class (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Settlement Class of the terms of the Settlement Agreement and the Final Approval Hearing; and (c) complies fully with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and 23(e) and the requirements of due process under the United States Constitution and any other applicable law.

13. The Court approves, as to form and content, the Class Notice to residents and the Notice to Subrogated Insurers, substantially in the forms attached as Exhibits

D and E to the Settlement Agreement, and the Claim Form and the Subrogation Claim Form, substantially in the forms attached as Exhibits B and C to the Settlement Agreement. The Court directs that notice be disseminated in accordance with the following:

a. Within thirty (30) days after entry of this Order, the Settlement Administrator shall complete notice, including direct notice by first-class U.S. mail and, where available, email, to all Settlement Class Members and Subrogated Insurers who can be identified through reasonable effort, and the Settlement website. The date on which notice is completed shall be the "Notice Date."

b. The Settlement Administrator shall establish and maintain a Settlement website and a toll-free telephone line through which Settlement Class Members may obtain the long-form notice, the Settlement Agreement, the Settlement Plan, the Claim Form, and the Subrogation Claim Form, and may submit claims.

c. No later than 15 days before the Final Approval Hearing, the Settlement Administrator shall file with the Court one or more declarations attesting to its compliance with the notice requirements of this Order.

15. Each member of the Settlement Class shall be bound by all determinations and orders pertaining to the settlement, including the release of all

claims to the extent set forth in the Settlement Agreement, unless such person timely and validly opts out of the settlement in the manner provided below.

16. A member of the Settlement Class who wishes to opt out of the settlement shall submit a written request for exclusion to the Settlement Administrator, postmarked or submitted no later than September 30, 2026. A request for exclusion on behalf of a minor Settlement Class Member must be submitted by the minor's parent or legal guardian. Requests for exclusion must otherwise comply with the requirements stated in the Settlement Agreement. Requests for exclusion submitted on behalf of minor Settlement Class Members shall not be counted toward any opt-out threshold giving rise to a termination right and shall not result in any reversion of settlement funds to Defendants.

17. Members of the Settlement Class who timely and validly opt out of the settlement will relinquish their rights to benefits under the Settlement Agreement and will not be bound by the Settlement Agreement or the Final Approval Order and Judgment.

18. All members of the Settlement Class who do not timely and validly opt out shall be bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment, regardless of whether they submit a Claim Form.

19. No later than seven (7) days following the deadline for members of the Settlement Class to opt out, the Settlement Administrator shall provide Class

Counsel and counsel for Defendants with copies of all requests for exclusion received.

20. Any Settlement Class member who has not opted out may object to the Settlement Agreement, any application for attorneys' fees and expenses, and/or the Settlement Plan. Any Settlement Class member who wishes to object must file with the Court, and serve on the counsel listed below, no later than sixty (60) days after the Notice Date, a written statement of the specific objections being made and the basis for those objections, together with the objecting person's name, address, telephone number, and evidence that the objecting person is a member of the Settlement Class. Any objecting Settlement Class member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through counsel retained at the member's own expense. Any objecting member who intends to appear at the Final Approval Hearing must, by the same deadline, file and serve a written notice of intention to appear. Any objection must otherwise comply with the requirements stated in the Settlement Agreement and this Order.

21. Any Settlement Class member who does not object in the time and manner provided shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement Agreement, the payment of attorneys' fees and expenses, or the Settlement Plan, unless otherwise ordered by the Court.

22. Service of all objections and notices of intention to appear on counsel for the Parties shall be made as follows: to Class Counsel, [Name and address]; and to counsel for Defendants, [Name and address]. Class Counsel shall promptly serve on Defendants' counsel any objections they receive, and Defendants' counsel shall promptly serve on Class Counsel any objections they receive.

23. In the event that (a) the proposed Settlement Agreement is not finally approved by the Court, (b) the Settlement Agreement is terminated pursuant to its terms, or (c) any of the conditions to the effectiveness of the Settlement Agreement do not otherwise occur, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purpose whatsoever in this Action or in any other case or controversy. In such event, the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

24. Upon application from a party to the Settlement Agreement and for good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class. The Final Approval Hearing may, from time

to time and without further notice to the Settlement Class, be continued by order of the Court.

25. The following schedule is hereby ordered:

| Event | Deadline |
|---|---|
| Notice completed (Class Notice and Notice to Subrogated Insurers) | 30 days from date of Preliminary Approval Order |
| Deadline to submit Claim Forms and Subrogation Claim Forms | 90 days from date of Preliminary Approval Order |
| Deadline to request exclusion (opt out) or to object | 90 days from date of Preliminary Approval Order |
| Settlement Administrator files declaration(s) of compliance with notice | No later than 15 days before the Final Approval Hearing |
| Plaintiffs file motion for final approval; Class Counsel file application for attorneys' fees and expenses | No later than 15 days before the Final Approval Hearing |
| Final Approval Hearing | ____________, 2026<br>at ______ .m.<br>(not earlier than 120 days after entry of this Order) |

**IT IS SO ORDERED.**

This ____ day of ____________, 2026.

______________________________
The Honorable Leigh Martin May
United States District Judge

**Submitted by:**

/s/ Kenneth Brosnahan
Kenneth Brosnahan
Linda Brosnahan
THE BROSNAHAN LAW FIRM
Douglas Dean
DEAN THAXTON LLC
Adam Hoipkemier
EPPS HOLLOWAY DeLOACH & HOIPKEMIER, LLC

*Counsel for Plaintiffs and the Settlement Class*

**Consented to as to form:**

/s/ Christopher Arnold
Christopher Arnold
JONES CORK, LLP

*Counsel for Defendants*