**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ALEXANDER LANZ, ALYSSA GREENE, SHANAYA DESSIN, and VINCENT LEIJA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LHNH LAVISTA LLC; LHNH LAVISTA TIC II, LLC; LHNH LAVISTA TIC III, LLC; SILVERPOINT MANAGEMENT, LLC; and AVENIUM GROUP, LLC,<br><br>Defendants. | Civil Action No.<br>**1:23-cv-05344-LMM** |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES, AND DIRECTING NOTICE**

Before the Court is Plaintiffs' Unopposed Motion to Certify Settlement Class and for Preliminary Approval of Class Action Settlement (the "Motion"), filed by Plaintiffs Alexander Lanz, Alyssa Greene, Shanaya Dessin, and Vincent Leija ("Plaintiffs"). Plaintiffs and Defendants LHNH LaVista LLC, LHNH LaVista TIC II, LLC, LHNH LaVista TIC III, LLC, Silverpoint Management, LLC, and Avenium Group, LLC ("Defendants") have entered into a Class Settlement and Release

Agreement, dated July 2026 (the "Settlement Agreement"). Having thoroughly reviewed the Settlement Agreement, including the exhibits thereto; the Motion, including the proposed forms of notice and other exhibits thereto; and the papers and arguments in connection therewith, and good cause appearing, the Court hereby **ORDERS** as follows:

1. The capitalized terms used in this Order have the same meaning as defined in the Settlement Agreement, unless otherwise defined herein.

2. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein. The Court does not address or make findings as to whether the Settlement Class may be certified for any purpose other than effectuating the proposed settlement. For settlement purposes only, the Court preliminarily finds that the proposed Settlement Class, as defined in the Settlement Agreement, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) as follows:

a. The Settlement Class is so numerous that joinder of all members in a single proceeding would be impracticable;

b. The members of the Settlement Class share common questions of law and fact;

c. The Plaintiffs' claims are typical of those of the Settlement Class Members;

d. The Plaintiffs and Class Counsel have fairly and adequately protected the interests of the Settlement Class and will continue to do so; and

e. Questions of law and fact common to the Settlement Class predominate over the questions affecting only individual Settlement Class Members, and certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy.

3. The Court preliminarily finds that the proposed settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, entered into in good faith, and free from collusion. The Court further finds that Class Counsel have ably represented the proposed Settlement Class. They conducted a thorough investigation of the facts and law, are knowledgeable of the strengths and weaknesses of the case, and engaged in an arm's-length settlement negotiation process. The involvement of experienced and well-respected mediator Charlie McDaniel in the negotiation process, including a full-day mediation session and additional settlement discussions facilitated by Mr. McDaniel, supports the Court's finding that the Settlement Agreement was reached at arm's length and is free from collusion. The relief provided for in the Settlement Agreement, together with the substantial costs, delay, and risks presented by further litigation of the issues during pre-trial, trial, and possible appeal, also support the fairness, reasonableness, and adequacy of the settlement. Based on these factors, and consistent with Federal Rule of Civil

Procedure 23(e)(2), the Court concludes that the proposed settlement meets the criteria for preliminary settlement approval and is fair, reasonable, and adequate, such that notice to the Settlement Class is appropriate.

4. The Court appoints Kenneth Brosnahan and Linda Brosnahan of The Brosnahan Law Firm; Douglas Dean of Dean Thaxton LLC; and Adam Hoipkemier of Epps Holloway DeLoach & Hoipkemier, LLC as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

5. The Court appoints Alexander Lanz, Alyssa Greene, Shanaya Dessin, and Vincent Leija as Class Representatives for the Settlement Class.

6. A Final Approval Hearing shall be held before this Court at the date and time set forth below to: (a) determine whether the proposed settlement should be finally approved pursuant to Federal Rule of Civil Procedure 23(e); (b) consider any timely objections to the settlement and the Parties' responses to such objections; (c) rule on Class Counsel's application for attorneys' fees and expenses; and (d) determine whether the Settlement Plan should be approved.

7. The Court recognizes that the certification of the Settlement Class is for settlement purposes only. Defendants' agreement to a class settlement and lack of opposition to class certification for purposes of the proposed settlement shall not be deemed admissible in this or any other proceeding except to enforce or interpret the

Settlement Agreement, and is without prejudice to Defendants' right to oppose class certification should the proposed settlement not become final.

8. Consideration of any application by Class Counsel for attorneys' fees and expenses, and any objections thereto, shall be separate from consideration of whether the proposed settlement should be approved, and the Court's rulings on each motion or application shall be embodied in a separate order or orders.

9. Class Counsel shall file any application for attorneys' fees and expenses no later than fourteen (14) days before the deadline for members of the Settlement Class to object, so that the application is on file and posted to the Settlement website before the objection period expires. The Final Approval Hearing shall not occur earlier than one hundred twenty (120) days after entry of this Order, and not sooner than either (a) the time for any Defendant to exercise a termination right under Article VIII of the Settlement Agreement passes without any Defendant exercising such right, or (b) each and every Defendant entitled to a termination right under that Section declines, in writing, to exercise such right. For the avoidance of doubt, nothing in this Order alters or eliminates any termination right any party to the Settlement Agreement has, or will continue to have, on or after preliminary or final approval.

10. With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement Agreement, all

proceedings in this Action are stayed pending the Final Approval Hearing. Pending final approval, all members of the Settlement Class who have not timely opted out are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any Released Claims relating to the Fire. If the Settlement Agreement is terminated pursuant to its terms, this stay shall terminate fourteen (14) days after such termination.

11. The Court appoints Simpluris, Inc. as the Settlement Administrator in this Action. In accordance with the Parties' Settlement Agreement and the Orders of this Court, the Settlement Administrator shall effectuate the provision of notice to Settlement Class Members and Subrogated Insurers and shall administer the Settlement Agreement and the claims and distribution process under the Settlement Plan.

12. The Court finds that the Parties' plan for providing notice to the Settlement Class (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Settlement Class of the terms of the Settlement Agreement and the Final Approval Hearing; and (c) complies fully with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and 23(e) and the requirements of due process under the United States Constitution and any other applicable law.

13. The Court approves, as to form and content, the Class Notice to residents and the Notice to Subrogated Insurers, substantially in the forms attached as Exhibits B and C to the Settlement Agreement, and the Claim Form and the Subrogation Claim Form, substantially in the forms attached as Exhibits D and E to the Settlement Agreement. The Court directs that notice be disseminated in accordance with the following:

a. Within thirty (30) days after entry of this Order, the Settlement Administrator shall complete notice, including direct notice by first-class U.S. mail and, where available, email, to all Settlement Class Members and Subrogated Insurers who can be identified through reasonable effort, including skip-tracing, and the Settlement website. The date on which notice is completed shall be the "Notice Date."

b. The Settlement Administrator shall establish and maintain a Settlement website and a toll-free telephone line through which Settlement Class Members may obtain the long-form notice, the Settlement Agreement, the Settlement Plan, the Claim Form, and the Subrogation Claim Form, and may submit claims.

c. No later than 15 days before the Final Approval Hearing, the Settlement Administrator shall file with the Court one or more declarations attesting to its compliance with the notice requirements of this Order.

14. The Court preliminarily approves the Settlement Plan, attached as Exhibit A to the Settlement Agreement, as a fair and reasonable method of allocating and distributing the Net Settlement Fund among Authorized Claimants and Subrogated Insurers, subject to final approval at the Final Approval Hearing. The Settlement Administrator is directed to process claims and calculate and distribute Settlement Payments in accordance with the Settlement Plan.

15. Each member of the Settlement Class shall be bound by all determinations and orders pertaining to the settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such person timely and validly opts out of the settlement in the manner provided below.

16. A member of the Settlement Class who wishes to opt out of the settlement shall submit a written request for exclusion to the Settlement Administrator by mail, e-mail, or through www.LaVistaFireSettlement.com, postmarked or submitted no later than nine (90) days after the entry of this Order. A request for exclusion on behalf of a minor Settlement Class Member must be submitted by the minor's parent or legal guardian. Requests for exclusion must otherwise comply with the requirements stated in the Settlement Agreement. Requests for exclusion submitted on behalf of minor Settlement Class Members shall not be counted toward any opt-out threshold giving rise to a termination right and shall not result in any reversion of settlement funds to Defendants.

17. Members of the Settlement Class who timely and validly opt out of the settlement will relinquish their rights to benefits under the Settlement Agreement and will not be bound by the Settlement Agreement or the Judgment.

18. All members of the Settlement Class who do not timely and validly opt out shall be bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment, regardless of whether they submit a Claim Form.

19. No later than seven (7) days following the deadline for members of the Settlement Class to opt out, the Settlement Administrator shall provide Class Counsel and counsel for Defendants with copies of all requests for exclusion.

20. Any Settlement Class member who has not opted out may object to the Settlement Agreement, any application for attorneys' fees and expenses, and/or the Settlement Plan. Any Settlement Class member who wishes to object must file with the Court, and e-mail or mail a copy to the Settlement Administrator, no later than ninety (90) days after the entry of this Order, a written statement of the specific objections being made and the basis for those objections, together with the objecting person's name, address, telephone number, and evidence that the objecting person is a member of the Settlement Class. Any objecting Settlement Class member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through counsel retained at the member's own expense. Any objecting member who intends to appear at the Final Approval Hearing must, by the same deadline,

file with the Court and serve as provided in Paragraph 22 of this Order a written notice of intention to appear. Any objection must otherwise comply with the requirements stated in the Settlement Agreement and this Order.

21. Any Settlement Class member who does not object in the time and manner provided shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement Agreement, the payment of attorneys' fees and expenses, or the Settlement Plan, unless otherwise ordered by the Court.

22. All objections and notices of intention to appear shall be sent to the Settlement Administrator by mail to Simpluris, Inc., PO Box 25191, Santa Ana, CA 92799, or by e-mail to info@lavistafiresettlement.com. The Settlement Administrator shall promptly provide to Class Counsel and Defendants' counsel any objections, notices to appear, and other documents they receive.

23. In the event that (a) the proposed Settlement Agreement is not finally approved by the Court, (b) the Settlement Agreement is terminated pursuant to its terms, or (c) any of the conditions to the effectiveness of the Settlement Agreement do not otherwise occur, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purpose whatsoever in this Action or in any other case or controversy. In such event, the Settlement Agreement and all negotiations and

proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their positions as of the date and time immediately preceding the execution of the Settlement Agreement.

24. Upon application from a party to the Settlement Agreement and for good cause, the Court may extend any of the deadlines in this Order without further notice to the Settlement Class. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class, be continued by order of the Court.

25. The following schedule is hereby ordered:

| **Event** | **Deadline** |
|---|---|
| Deadline to submit Claim Forms and Subrogation Claim Forms | 90 days from date of Preliminary Approval Order |
| Deadline to request exclusion (opt out) or to object | 90 days from date of Preliminary Approval Order |
| Settlement Administrator files declaration(s) of compliance with notice | No later than 15 days before the Final Approval Hearing |
| Plaintiffs file motion for final approval; Class Counsel file application for attorneys' fees and expenses | 76 days from date of Preliminary Approval Order (no later than 14 days prior to objection deadline) |
| Final Approval Hearing | **January 5, 2027 at 1:30 p.m.** (not earlier than 120 days after entry of this Order) |

**IT IS SO ORDERED.**

This 24th day of August, 2026.

The Honorable Leigh Martin May
United States District Judge

**Submitted by:**

/s/ Kenneth Brosnahan
Kenneth Brosnahan
Linda Brosnahan
THE BROSNAHAN LAW FIRM
Douglas Dean
DEAN THAXTON LLC
Adam Hoipkemier
EPPS HOLLOWAY DeLOACH & HOIPKEMIER, LLC

*Counsel for Plaintiffs and the Settlement Class*

**Consented to as to form:**

/s/ Christopher Arnold
Christopher Arnold
JONES CORK, LLP

*Counsel for Defendants*